# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 04-4169

GARY L. BENDER and RENEE BENDER,

*Plaintiffs-Appellees,*

*v.*

GRETCHEN M. FREED,

*Defendant-Appellee,*

and

BERGQUIST COMPANY EMPLOYEE HEALTH PLAN,

*Defendant,*
*Third/Party Plaintiff-Appellant,*

*v.*

PHILLIP TODRYK and TODRYK LAW OFFICE,

*Third/Party Defendants-Appellees.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 04 C 10—**John C. Shabaz**, *Judge.*

ARGUED JUNE 7, 2005—DECIDED FEBRUARY 2, 2006

Before EASTERBROOK, KANNE, and SYKES, *Circuit Judges.*

SYKES, *Circuit Judge*. The Bergquist Company Health Plan prevailed on an ERISA-based reimbursement claim in the district court and sought attorneys' fees pursuant to ERISA, 29 U.S.C. § 1132(g), and also under 28 U.S.C. § 1927, which permits the district court to award attorneys' fees as a sanction against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." The district court denied the request for fees, holding that the ERISA fees motion was untimely and the alleged vexatious conduct by counsel predated the present litigation and therefore was not covered by § 1927. We affirm.

## I. Background

Plaintiff Gary Bender's health insurance was provided through the Bergquist Company Health Plan ("the Plan"), an employee welfare benefit plan for purposes of ERISA, 29 U.S.C. § 1002(1). In December 2002 Bender was injured when his car collided with a vehicle driven by defendant Gretchen Freed. The Plan paid some $23,000 for Bender's medical expenses related to the accident; under the terms of the plan, it retained a subrogated interest in any damages Bender might later recover.

Believing the accident was Freed's fault, Bender retained an attorney, third-party defendant Phillip Todryk, who presented a claim to Freed's liability insurer. Prior to any litigation, Freed's insurance company settled Bender's claim for its policy limit of $50,000. Bender and Todryk apparently divvied up the money and did not inform the Plan that Freed's insurer had paid a settlement.

In November 2003 Bender and his wife, represented by Attorney Todryk, commenced the present action against Freed and the Plan in Wisconsin state court. The complaint sought additional damages against Freed and a declaration that the Plan was not entitled to reimbursement for the payments it made for Bender's medical treatment. The Plan

removed the case to federal court under the auspices of ERISA, counterclaimed for reimbursement of the medical payments, and added Todryk to the case as a third-party defendant on the theory that he was in possession of a portion of the $50,000 already received in the settlement with Freed's insurer.

The Plan moved for summary judgment on its counterclaim for reimbursement and requested attorneys' fees pursuant to 29 U.S.C. § 1132(g), which authorizes the court to award fees, in its discretion, to the prevailing party in an ERISA action. The court granted summary judgment to the Plan on the reimbursement claim but declined to award fees because the Plan "failed to demonstrate why it is entitled to attorneys' fees." The Benders then settled with Freed for $65,000, ending the substantive portion of the case.

Final judgment was entered in favor of the Plan on its reimbursement claim on August 24, 2004. Thirty-four days later, on September 27, 2004, the Plan filed a second motion seeking attorneys' fees from Bender and Todryk under § 1132(g) and added a claim for fees against Todryk pursuant to 28 U.S.C. § 1927, which authorizes the district court to award attorneys' fees as a sanction against an attorney who unreasonably and vexatiously multiplies the proceedings before it.

The district court denied the Plan's motion for fees. With respect to the 29 U.S.C. § 1132(g) claim, the court held that the motion was untimely under FED. R. CIV. P. 54(d)(2)(B), which requires such motions to be filed within 14 days after entry of judgment. The court also held that § 1927 did not apply because the Plan's allegations against Todryk related solely to his *prelitigation* conduct in failing to inform the Plan of the original $50,000 insurance settlement, not a vexatious "multiplication" of federal court proceedings that would be sanctionable under the statute.

## II. Discussion

### A. Applicability of Rule 54(d)(2)

The Plan first claims that the district court erred in applying the 14-day time limit of Rule 54(d)(2)(B) to its claim for fees made pursuant to ERISA. The applicable section of ERISA, 29 U.S.C. § 1132(g)(1), provides: "In any action under this subchapter[,] . . . the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." The pertinent text of FED. R. CIV. P. 54(d) provides:

> (2) Attorneys' Fees
>
> > (A) Claims for attorneys' fees and related non-taxable expenses shall be made by motion *unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial*.
> >
> > (B) Unless otherwise provided by statute or order of the court, the motion must be filed no later than 14 days after entry of judgment . . . . (emphasis added)

The Plan argues that Rule 54(d)(2) does not apply to claims for attorneys' fees made pursuant to ERISA because the fee provision contained in § 1132(g) is part of the "substantive law governing the action" rather than an element of "costs." This argument ignores certain qualifying language in the rule as well as case law in this circuit holding Rule 54(d)(2) applicable to attorneys' fees motions in ERISA cases.

Rule 54(d)(2) requires that claims for attorneys' fees shall be made by motion filed within 14 days after entry of judgment unless (1) a statute or order of the court provides a different deadline, or (2) the "substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial." Neither exception applies here. The Plan has not identified any

other applicable statutory or court-imposed deadline, nor does it contend that attorneys' fees under § 1132(g) are an "element of damages to be proved at trial." Arguing that attorneys' fees under ERISA are "substantive" and "not costs" adds nothing to the analysis.[1] Moreover, this court has previously held that "an attorney's fee award under section 1132(g)(1) should be sought . . . by filing a motion under Rule 54(d)." *Bittner v. Sadoff & Rudoy Indus.*, 728 F.2d 820, 828 (7th Cir. 1984). The Plan does not argue that *Bittner* is distinguishable or should be revisited.

The Plan's fallback position is that even if the motion was untimely under Rule 54, the district court should have considered it anyway because "all parties were well aware of the Plan's intention to file a motion for attorneys' fees long before the entry of judgment," and that discussions during a telephonic pretrial conference "left no room for doubt that the Motion would be filed post-judgment." This is not a legal argument; it is an appeal to fairness based upon an asserted absence of prejudice, but without a corresponding claim that compliance with the deadline imposed by Rule 54(d)(2) was impossible or impracticable or that the Plan's noncompliance was for some reason excusable. We are not persuaded. The Plan missed the deadline under Rule 54(d)(2) and offers no reason for having done so. The fact that the parties were "well aware" that the Plan intended to file a fees motion at some indeterminate date in the future does not excuse noncompliance with the applicable procedural rules. The district court properly held that the Plan's motion for fees pursuant to § 1132(g) was untimely under Rule 54(d)(2).

---

[1] We note the Advisory Committee Notes for the 1993 amendment that added subdivision (d)(2) to Rule 54 state, "This new paragraph establishes a procedure for presenting claims for attorneys' fees, whether or not denominated as 'costs.'"

**B. Sanctions for Vexatious Litigation**

The Plan also sought an award of attorneys' fees against Todryk under the authority of 28 U.S.C. § 1927, which provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." This statute is inapplicable here because the alleged "unreasonable and vexatious" conduct by Todryk—namely, his failure to inform the Plan about the original settlement from Freed's insurer—occurred well before this litigation was commenced.

By its terms, § 1927 permits the district court to award attorneys' fees as a sanction against an attorney who unreasonably and vexatiously "multiplies the proceedings in any case." It applies, therefore, to misconduct by an attorney in the course of "proceedings" in a "case" before the court, not misconduct that occurs before the case appears on the federal court's docket. That is, the statute provides a discretionary sanction against attorneys who abuse the judicial process, not those who engage in improper conduct in the runup to litigation. "To be liable under section 1927, counsel must have engaged in 'serious and studied disregard for the orderly process of justice.'" *Knorr Brake Corp. v. Harbil, Inc.*, 738 F.2d 223, 226 (7th Cir. 1984) (quoting *Overnight Transp. Co. v. Chi. Indus. Tire Co.*, 697 F.2d 789, 795 (7th Cir. 1983) (in turn quoting *Kiefel v. Las Vegas Hacienda, Inc.*, 404 F.2d 1163, 1167 (7th Cir. 1968), *cert. denied*, 395 U.S. 908 (1969))).

The Plan argues that Trodyk's conduct should be sanctionable under § 1927 because it constituted a violation of a professional duty imposed by the Rules of Professional Conduct governing attorneys in Wisconsin. The Plan cites Wisconsin Supreme Court Rule 20:1.15(d)(1), which re-

quires an attorney who receives funds in which a client or a third person has an interest to "promptly notify the client or third person in writing" and to "promptly deliver to the client or third person any funds . . . that the client or third person is entitled to receive." But § 1927 does not provide a generalized substantive remedy for attorney misconduct wherever and in whatever context it may occur. It provides a remedy for bad faith misconduct by an attorney in the pursuit of a case in court. *See TCI Ltd. v. Needler & Assocs., Ltd.*, 769 F.2d 441, 445-46 (7th Cir. 1985). "The principle underlying § 1927, Rule 11, and the bad faith exception to the American Rule is that in a system requiring each party to bear its own fees and costs, courts will ensure that each party really *does* bear the costs and does not foist expenses off on its adversaries." *Id.* at 446.

Here, the Plan's claim against Todryk under § 1927 is premised entirely on his failure to notify it of the prelitigation insurance settlement. This conduct occurred before litigation was commenced and did not "multipl[y] the proceedings" in this case. The district court correctly concluded that the fee-shifting sanction of § 1927 does not apply.

The judgment of the district court is AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*