In the

# United States Court of Appeals

## For the Seventh Circuit

No. 14-1365

PETER MORJAL,

*Plaintiff-Appellee,*

*v.*

CITY OF CHICAGO, *et al.*,

*Defendants-Appellants.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:12-cv-00185 — **Joan Humphrey Lefkow**, *Judge.*

ARGUED OCTOBER 3, 2014 — DECIDED DECEMBER 19, 2014

Before POSNER, ROVNER, and TINDER, *Circuit Judges.*

ROVNER, *Circuit Judge.* This appeal concerns the district court's decision to award $2,000 in attorneys' fees to the plaintiff Peter Morjal for time spent in litigating the amount of fees due to him in his fee petition under 42 U.S.C. § 1988. The defendants assert that the court's award of fees contravened the terms of the offer of judgment accepted by Morjal and that

the court lacked any legal basis to impose such an award. We affirm.

Peter Morjal filed a suit against the City of Chicago and numerous individual police officers pursuant to 42 U.S.C. § 1983, alleging unlawful search and seizure, excessive force, conspiracy, false imprisonment, assault and malicious prosecution. Morjal accepted an offer of judgment under Federal Rule of Civil Procedure 68(a), which provided in relevant part that the "Defendants offer to allow judgment to be taken against them … in the total amount of … [$10,001.00] … plus reasonable attorney's fees and costs accrued to date in an amount to be determined by the Court."

The purpose of Rule 68 is to encourage settlement and to avoid protracted litigation. *Webb v. James*, 147 F.3d 617, 620 (7th Cir. 1998). It authorizes a defendant to make an offer of judgment and, if the plaintiff refuses that offer and is awarded less than the offer amount after trial, the plaintiff is required to pay the costs incurred by the defendant from the time of that offer. Fed. R. Civ. P. 68; *Nordby v. Anchor Hocking Packaging Co.*, 199 F.3d 390, 391 (7th Cir. 1999). Because the defendant is the drafter of the Rule 68 offer and—unlike an ordinary contract offer—the plaintiff cannot reject it without legal consequences, we have held that any ambiguities in a Rule 68 offer must be resolved against the defendant. *Sanchez v. Prudential Pizza, Inc.*, 709 F.3d 689, 690, 694 (7th Cir. 2013); *Nordby,* 199 F.3d at 391–92; *Webb*, 147 F.3d at 623.

The parties were unable to reach agreement as to the amount of attorneys' fees that is reasonable. Morjal sought $22,190.50, and after contentious litigation the district court

awarded Morjal attorneys' fees in the amount of $17,205.50. Morjal then filed a motion seeking additional attorneys' fees of $16,773.00 reflecting the time spent in litigating the fee petition.

The defendants responded that Morjal was bound by the terms of the offer of judgment, which limited fees to those "accrued to date." In its first fee opinion, the district court had interpreted that language as allowing recovery of fees through the date of Morjal's acceptance of the offer of judgment. Accordingly, the defendants asserted that Morjal was not entitled to the recovery of any fees incurred in the fee litigation itself, which occurred after that date of acceptance.

The court declared that it must weigh the competing aims of § 1988, which encourages plaintiffs to redress civil rights violations by providing for the payment of reasonable attorneys' fees to prevailing parties, and Federal Rule of Civil Procedure 68, which encourages settlement of claims and promotes judicial efficiency by creating consequences for refusing an offer of judgment. The district court expressed concern with the potentially deleterious impact of such a fee limitation in that it would remove any incentive for defendants to minimize the hours spent in litigation as to the amount of fees that is reasonable. The district court noted that such fee restrictions could allow offering defendants to object to every dollar requested in the fee petition as unreasonable, unnecessarily protracting litigation but avoiding any judgment for the fees incurred by the plaintiffs in establishing the reasonableness of those fees.

And the district court concluded that such an abuse of the process is precisely what happened here. The court held that

in the course of the "hotly contested" fee litigation, in some instances the opposition to fees was "overly aggressive"and "arbitrary with no objective standard provided." Although Morjal sought $16,773.00 for fees incurred in litigating the fee petition, the court awarded only $2,000 "to compensate for time spent responding to challenges to the fees that were unsupported and improper."

The defendants appealed that award of $2,000, alleging that the district court was bound by the language of the offer of judgment, and therefore that any award of fees was limited to fees incurred through the date of acceptance of the offer of judgment. They assert that the district court effectively rewrote that agreement to create an exception for circumstances in which the court determined that a fee objection lacked merit. At oral argument, the defendants contended that the court was limited by the terms of the Rule 68 offer of judgment, and lacked the authority to impose fees beyond the provisions of that offer. They further argue that their conduct did not present the danger identified by the district court, in that many of their challenges were successful and this was not a situation in which a defendant objected to every dollar requested. More-over, they assert that a defendant's bad behavior is not relevant to the determination of a reasonable fee, *Simpson v. Sheahan*, 104 F.3d 998, 1003 (7th Cir. 1997), and that it is an abuse of discretion to award fees as punishment under § 1988. Accordingly, the defendants claim that the district court had no proper basis for awarding the fees. If construed as a sanction, we would review the award for abuse of discretion, but we review *de novo* the district court's determination of the legal

effect of the written Rule 68 offer. *Feldman v. Olin Corp.*, 692 F.3d 748, 759 (7th Cir. 2012); *Sanchez*, 709 F.3d at 690.

The proposition that the district court has no authority to award attorneys' fees for vexatious conduct is clearly wrong. There are numerous avenues available to the district court to impose sanctions in order to address conduct that unnecessarily prolongs litigation:

> First, Federal Rule of Civil Procedure 11 permits a court to sanction an attorney for a pleading or other document that (among other potential transgressions) is presented for an improper purpose or makes factual representations that are without reasonable evidentiary support. See Fed.R.Civ.P. 11(b)(1) and (3), (c). Second, under 28 U.S.C. § 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously" may be held to account for the excess fees and other costs resulting from her improper conduct. Finally, a court has the inherent authority to impose sanctions for actions taken "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46, 111 S.Ct. 2123, 2133, 115 L.Ed.2d 27 (1991) (internal quotation marks and citations omitted); see also *G. Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648, 651–52 (7th Cir. 1989) (en banc).

*Johnson v. Cherry*, 422 F.3d 540, 548–49 (7th Cir. 2005); *Manez v. Bridgestone Firestone North American Tire, LLC*, 533 F.3d 578, 591 (7th Cir. 2008); *Dal Pozzo v. Basic Machinery Company, Inc.*, 463

F.3d 609, 613–14 (7th Cir. 2006). The limitations on fees in the Rule 68 offer do not impact the authority of the district court to utilize those remedies for offending conduct. Before imposing sanctions, however, the party against whom the sanctions may be imposed must be afforded notice of the possible sanction and an opportunity to be heard, and the failure to provide such notice represents an abuse of the court's sanctions power. *Johnson*, 422 F.3d at 549, 551; *Taurus IP, LLC v. Daimler-Chrysler Corp.*, 726 F.3d 1306, 1344–45 (7th Cir. 2013); *Larsen v. City of Beloit*, 130 F.3d 1278, 1286 (7th Cir. 1997). Here, the defendants were not informed that sanctions were being considered for their conduct in arbitrarily opposing the requested fees. If the district court had based its $2,000 award of fees on its authority to impose sanctions, the lack of notice would be problematic.

The district court did not rely, however, on that authority in ordering the payment of $2,000 in attorneys' fees. Instead, the court held that its determination was based on a consideration of both the Rule 68 offer of judgment and 42 U.S.C. § 1988, which allows for the award of fees to a prevailing party in a civil rights action under § 1983. Therefore, we must consider whether the offer of judgment precludes the imposition of fees under § 1988.

We note at the outset that we need not consider Morjal's argument that a request for fees on fees is distinct from the underlying action and therefore is not bounded by the Rule 68 judgment. Even assuming the applicability and limiting our review to the plain language of the offer of judgment, the defendants cannot prevail in this case. That is because the language of the offer of judgment limits the plaintiff to fees that had accrued as of that date (the date of acceptance of the

offer) in return for the defendants' agreement "*to allow judgment to be taken against them* … in the total amount of … reasonable attorney's fees." To the extent that the defendants raised non-frivolous challenges to the amount of attorneys' fees in determining what was "reasonable," they would still be in compliance with that obligation. But here, the district court determined that the defendants' arguments went beyond legitimate challenges to reasonableness. The court held that the defendants' opposition to fees was "overly aggressive"and "arbitrary." Although Morjal sought $16,773.00 for fees incurred in litigating the fee petition, the court awarded only $2,000 for "time spent responding to challenges to the fees that were unsupported and improper." Accordingly, the court limited the fee award to the time spent responding to litigation that violated the terms of the offer of judgment itself in that it went beyond non-frivolous arguments as to whether the fees sought were reasonable. The defendants' arbitrary, improper challenges failed to comply with their obligation to "allow judgment to be taken against them" for reasonable attorneys' fees, and therefore were not subject to the limitations on fees in that agreement. The court could properly award fees for those litigation costs under § 1988. *See Sanchez*, 709 F.3d at 692 (any ambiguities in the Rule 68 offer must be construed against the offering defendant).

In this case, the court appears to have awarded a percentage of the total fee amount sought based on the litigation that was deemed unsupported and improper. Although challenging the authority of the district court to impose any award at all, the defendants do not specifically raise a challenge to the amount of fees awarded, such as an argument that the court

award was not related to the objections deemed frivolous or that it was determined arbitrarily as opposed to based on an assessment of hours spent on those frivolous claims. Therefore, we need not determine whether the district court had a proper basis for arriving at the $2,000 amount. Because the court had the authority to award fees under § 1988, and did so only as to conduct of the defendants that fell outside the provisions of the offer of judgment, the court's award of attorneys' fees was proper. Accordingly, the decision of the district court is AFFIRMED.