In the

# United States Court of Appeals

## For the Seventh Circuit

Nos. 14-3131 & 14-3182

BEATRICE BOYER, *et al.*,

*Plaintiffs-Appellants,*
*Cross-Appellees,*

*v.*

BNSF RAILWAY COMPANY, doing
business as BURLINGTON NORTHERN
AND SANTA FE RAILWAY COMPANY,

*Defendant-Appellee,*
*Cross-Appellant.*

Appeals from the United States District Court for the
Western District of Wisconsin.
No. 3:14-CV-00260-bbc — **Barbara B. Crabb**, *Judge.*

August 9, 2016
ON PETITION FOR REHEARING AND REHEARING EN BANC

Before BAUER, ROVNER, and WILLIAMS, *Circuit Judges.*

ROVNER, *Circuit Judge.* In his petition for rehearing, attorney
Christopher D. Stombaugh argues for the first time that this
court lacks the authority under 28 U.S.C. § 1927 to sanction him

for filing this case in Arkansas state court (necessitating a removal to federal court and a transfer to the Western District of Wisconsin), because that act took place before the case "appear[ed] on the federal court's docket." *Bender v. Freed*, 436 F.3d 747, 751 (7th Cir. 2006). The statute provides that "[a]ny attorney … admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." § 1927. Stombaugh reads the language regarding admission to practice in federal court as confining our sanctions power to conduct which occurs in federal rather than state court.

It is exceedingly late in the day to be making this argument, in view of the fact that the defendant has been seeking section 1927 sanctions for the plaintiffs' forum-shopping (among other grounds) since the outset of this litigation. *See Shields v. Ill. Dep't of Corrections*, 746 F.3d 782, 800–01 (7th Cir. 2014) (Tinder, J., concurring) (collecting cases observing that arguments first raised in a petition for rehearing are considered waived, or, at best, forfeited, and therefore subject to limited review for plain error only). We may assume *arguendo* that we should treat Stombaugh's argument as forfeited rather than waived, as it addresses our authority to sanction him, and consider whether a serious injustice occurred that demands correction. *See Packer v. Indiana Univ. Sch. of Medicine*, 800 F.3d 843, 849 (7th Cir. 2015) (plain error in civil context is reserved for truly extraordinary circumstances).

Notwithstanding any limitation imposed by section 1927 itself, we are not convinced that we were wholly without authority to sanction Stombaugh. We note first that our decision to sanction Stombaugh was based not on anything he may have done "in the runup to litigation," *Bender*, 436 F.3d at 751, but for his abuse of the judicial process itself, *see id.* Nor did we sanction Stombaugh for what he did in another case, but rather what he did in the instant litigation, which happened to originate in state court. *See Raymark Indus., Inc. v. Baron*, 1997 WL 359333, at *7 n.10 (E.D. Pa. June 23, 1997) ("The purpose of § 1927 is frustrated by the imposition of sanctions in two distinct cases, not in two different courts."); *Robertson v. Cartinhour*, 883 F. Supp. 2d 121, 130 (D.D.C. 2012) (stressing that court was imposing sanctions "based only on [counsel's] conduct in *this case*") (emphasis ours). It is an interesting question whether the decision to file the case in state court is beyond the scope of section 1927, in view of the fact that the case was removable when filed and in fact was immediately removed by the defendant. *Compare GRiD Sys. Corp. v. John Fluke Mfg. Co.*, 41 F.3d 1318, 1319 (9th Cir. 1994) (per curiam) (section 1927 does not authorize sanctions for filing state court lawsuit, later removed, during pendency of previously-filed federal suit and related arbitration, when "[t]he suit filed in state court [was] an entirely separate action not subject to the sanctioning power of the district court"); *and Smith v. Psychiatric Solutions, Inc.*, 864 F. Supp. 2d 1241, 1269 (N.D. Fla. 2012) (counsel cannot be sanctioned pursuant to section 1927 for conduct in state court prior to removal), *j. aff'd*, 750 F.3d 1253 (11th Cir. 2014), *with In re Auction Houses Antitrust Litigation*, 2004 WL 2624896, at *8 (S.D.N.Y. Nov. 18, 2004) (section 1927

sanctions imposed on federal class member who, without opting out of class action settlement, instead filed individual suit in state court, compelling defendants to remove state suit and have it transferred to district where class action pending); *and Pentagen Techs. Int'l Ltd. v. United States*, 172 F. Supp. 2d 464, 473–74 (S.D.N.Y. 2001) (section 1927 sanctions imposed for filing of serial lawsuits in both state and federal forums in effort "to evade previous rulings" and resulting in "needless occupation of judicial resources"), *aff'd*, 63 F. App'x 548 (2d Cir. 2003) (unpublished). Assuming that section 1927 does not permit us to shift to Stombaugh the limited costs that BNSF occurred during the very brief time the case was pending in state court, it is not obvious that the burden of having the case transferred from the Eastern District of Arkansas to the Western District of Wisconsin following removal would be beyond the authority conveyed by section 1927 to redress, as obtaining the transfer indubitably did occur in federal court. *See Smith*, 864 F. Supp. 2d at 1269; *Butcher v. Lawyers Title Ins. Corp.*, 2005 WL 2242881, at *1 (W.D. Mich. Sep. 12, 2005). Apparently Stombaugh is of the view, however, that this is fruit of the poisonous tree, so to speak; if the filing of the case in state court itself cannot be addressed under section 1927, then neither can any of the subsequent efforts (post-removal) by the defense to have the case relocated to an appropriate forum be compensated. By contrast, had Stombaugh chosen to file the case in federal court in Arkansas, presumably the entirety of the burden imposed on BNSF to have the case transferred to an appropriate forum would be compensable under the statute.

Even if we assume that Stombaugh is correct in his understanding of section 1927, it is not beyond our inherent authority to sanction him for willfully abusing the judicial process and/or pursuing a bad-faith litigation strategy by initiating this litigation in a patently inappropriate forum. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 57, 111 S. Ct. 2123, 2139 (1991) (court's inherent power to sanction attorney misconduct extends to conduct that occurred before other tribunals); *Carr v. Tillery*, 591 F.3d 909, 920 (7th Cir. 2010) ("The limitations of section 1927 do not apply to the exercise of [the court's inherent] power."); *Claiborne v. Wisdom*, 414 F.3d 715, 724 (7th Cir. 2005) ("the court retains inherent power to impose sanctions when the situation is grave enough to call for them and the misconduct has somehow slipped through the cracks of the statutes and rules covering the usual situations"); *John Akridge Co. v. Travelers Cos.*, 944 F. Supp. 33, 34 (D.D.C. 1996) (sanctions imposed pursuant to court's inherent authority for "blatant forum-shopping" evidenced by counsel's decision to re-file case in state court "with the specific intent of circumventing [federal court's] dismissal of … earlier suit"), *j. aff'd*, 1997 WL 411654 (D.C. Cir. June 30, 1997) (unpublished). To be sure, BNSF has not previously cited our inherent authority as an alternative basis for the sanctions it sought, but that does not preclude us from relying on that authority now. *See Carr*, 591 F.3d at 920. Indeed, Stombaugh's reply in support of his petition for rehearing wholly ignores BNSF's contention that our inherent authority supports our sanctions order and thus demonstrates that any error in relying on section 1927 did not produce a patently unjust result demanding correction despite the forfeiture.

We therefore invoke our inherent authority as an alternate ground for our decision to impose sanctions on Stombaugh. We note that Stombaugh has long had notice of the conduct on which BNSF sought sanctions, and he has had multiple opportunities, both in the district court and this court, to make his case against the award of sanctions. He is in no material way prejudiced, consequently, by a change in the source of authority we rely on to justify our decision. *See Tate v. Ancell*, 551 F. App'x 877, 892 (7th Cir. 2014) (non-precedential decision); *Jolly Grp., Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006).

Nor has Stombaugh been deprived of due process because no evidentiary hearing was held on the question of sanctions, as he also suggests in his petition. He has had a meaningful opportunity to be heard on the question of sanctions, *see Tate*, 551 F. App'x at 892, and he cites no factual matter material to our decision to sanction him that requires an evidentiary hearing to resolve, *see Hill v. Norfolk & W. Ry. Co.*, 814 F.2d 1192, 1201 (7th Cir. 1987). There is no dispute as to what Stombaugh did; the only question is whether he should be sanctioned for it, and that question has been thoroughly litigated.

The petition for rehearing is therefore granted to the limited extent that we now modify our opinion of June 1, 2016, by citing our inherent authority to sanction counsel for misconduct as an alternative ground for our decision to impose sanctions on Stombaugh. No judge in active service having called for a vote on Stombaugh's request for rehearing en banc, that request is denied.