In the

# United States Court of Appeals
## For the Seventh Circuit

_____

Nos. 18-1159 & 18-1368

RICHARD N. BELL,

*Plaintiff-Appellee,*

*v.*

VACUFORCE, LLC,

*Defendant,*

APPEALS OF: PAUL B. OVERHAUSER.

_____

Appeals from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 16-CV-1257 — **William T. Lawrence**, *Judge.*

_____

ARGUED OCTOBER 3, 2018 — DECIDED NOVEMBER 14, 2018

_____

Before MANION, HAMILTON, and BRENNAN, *Circuit Judges.*

HAMILTON, *Circuit Judge.* Richard Bell brought a copyright infringement lawsuit against Vacuforce, LLC, accusing it of publishing his photograph of the Indianapolis skyline on its website without a license. Vacuforce hired attorney Paul Overhauser to defend it. The parties quickly settled, so the federal lawsuit was dismissed with prejudice.

That was not the end of the story. Overhauser then moved to recover attorney fees from plaintiff Bell. He argued that since the settlement produced a dismissal with prejudice, Vacuforce was the "prevailing party" for purposes of fees under the Copyright Act, 17 U.S.C. § 505. The district court considered Overhauser's motion frivolous and misleading. The court denied the motion and ordered two monetary sanctions against Overhauser: one under Federal Rule of Civil Procedure 11 and another under 28 U.S.C. § 1927. Overhauser appeals both sanctions, but we affirm both of them.

I.    *Factual Background and Procedural History*

This litigation is not the first bout between Bell and Overhauser. Bell has prosecuted dozens of similar copyright lawsuits before, and Overhauser successfully defended at least one of them on behalf of an unrelated defendant. See *Bell v. Lantz*, 825 F.3d 849 (7th Cir. 2016). In this case, however, his client settled after answering the complaint. Vacuforce agreed to pay, or to cause its insurer to pay, $7,000 to Bell in exchange for voluntary dismissal of the case. The insurer paid Bell, and he dismissed the suit with prejudice.

After the court had entered judgment, Overhauser moved under 17 U.S.C. § 505 to recover attorney fees and costs. Overhauser argued that Bell's voluntary dismissal of the lawsuit with prejudice necessarily made Vacuforce the "prevailing party" under § 505 and that Bell's lawsuit was "frivolous" and "unreasonable."[1] Remarkably, the motion seeking fees did

---

[1] The Copyright Act allows a court to award a reasonable attorney fee to the prevailing party "as part of the costs." 17 U.S.C. § 505. Unlike many fee-shifting statutes designed to encourage private civil

not mention the settlement agreement or the payment to Bell. Overhauser also advised the district court that this suit presented the "identical scenario" as *Bell v. Lantz*, in which Bell had voluntarily dismissed a copyright infringement claim after the defendant filed an answer. In *Lantz*, however, Bell had dismissed because his claim lacked a sufficient factual basis, not because the defendant had paid him. Overhauser was well aware of the differences between these cases. He had represented defendant Lantz. 825 F.3d at 850.

Bell's response to the motion told the judge about the settlement. The judge deemed Vacuforce's motion for attorney fees frivolous and misleading. The judge denied the motion and ordered Overhauser to show cause why he should not be sanctioned $500 under Federal Rule of Civil Procedure 11. In response to the show-cause order, Overhauser primarily contested the merits of Bell's case and re-asserted his unusual theory that Vacuforce had prevailed. He maintained that settlements are irrelevant to who "prevails" in a lawsuit and that a dismissal "with prejudice" should count as a win for any defendant. He also argued that Rule 11 sanctions cannot be imposed for an omission of fact, but only for an affirmative misrepresentation. Finally, he said, only Vacuforce's insurer had paid Bell, so that Vacuforce did not lose anything by settling.

The district court rejected all of Overhauser's arguments. The judge explained that Overhauser's position that Vacuforce was the prevailing party was incompatible with existing law. Further, Overhauser had not made a non-frivolous argument for what the law ought to be under the

---

enforcement of the law, § 505 requires that prevailing plaintiffs and defendants be treated alike. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).

circumstances of this case. Instead, he had misrepresented the events leading up to the voluntary dismissal. The court then entered a modest but symbolic $500 sanction against Over-hauser. The court also invited Bell to move under 28 U.S.C. § 1927 for his attorney fees incurred in responding to Over-hauser's motion. Bell filed the motion, and the parties had another round of briefing about whether Overhauser's request for fees was sanctionable. Overhauser stuck to his argument that a settlement is "completely irrelevant" to the determination of who prevails in litigation. The court again rejected Overhauser's arguments and ordered him to pay Bell's fees. Overhauser moved to reconsider the Rule 11 sanction and to modify the court's finding that he had misrepresented certain facts. See Fed. R. Civ. P. 52(b) & 59. The court summarily denied the motion.

Overhauser appealed on behalf of himself and his client the orders denying costs and fees, denying reconsideration, sanctioning him $500, and awarding attorney fees to Bell as another sanction. We consolidated the appeals and dismissed as untimely the appeal from the denial of Vacuforce's original motion for attorney fees. We then dismissed Vacuforce as an appellant because no sanctions were imposed against it.[2]

---

[2] As evidence of the disappointing tone of this litigation, Bell's brief argues that we should dismiss the appeals because Overhauser listed Vacuforce as an appellant in the caption of his brief. Please. In an attorney's appeal of a sanction order, it can be confusing how best to set up the caption. It is not always done correctly at first by courts or lawyers. We have used the correct approach in this opinion. See also *Hunt v. Moore Bros., Inc.*, 861 F.3d 655 (7th Cir. 2017).

II. *Analysis*

   A. *Rule 11 Sanctions*

We review a sanctions order under Rule 11 for an abuse of discretion. See *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990). Overhauser maintains that the district judge erred in imposing the $500 sanction against him under Rule 11 because his contention that Vacuforce was a "prevailing party" under the Copyright Act, 17 U.S.C. § 505, was not frivolous, misleading, or otherwise improper.

Bell makes no arguments about the propriety of Rule 11 sanctions except to claim that we cannot review the findings in the district court's March 13, 2017 ruling denying Vacuforce's motion for fees and issuing a show-cause order because we have already dismissed the appeal from that ruling. That is not correct. When sanctions are imposed for filing a motion, that underlying motion lies at the heart of the sanction issues. Overhauser's arguments against the sanction necessarily echo the points he made when he first sought fees for Vacuforce, but Overhauser's timely appeal from the district court's later order actually entering the Rule 11 sanction against him is properly before us.

Under Rule 11, a district court may impose sanctions on a lawyer who submits frivolous legal arguments—those not warranted "by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2); *Berwick Grain Co. v. Illinois Dep't of Agriculture*, 217 F.3d 502, 504 (7th Cir. 2000) (affirming Rule 11 sanction for frivolous post-judgment motion).

Overhauser's principal argument here is that his motion for fees was not frivolous because he cited cases awarding fees

to defendants after courts dismissed the cases with prejudice. See, e.g., *HyperQuest, Inc. v. N'Site Solutions, Inc.*, 632 F.3d 377, 379 (7th Cir. 2011) (affirming fee award to copyright defendant after suit dismissed for plaintiff's lack of standing); *FM Industries, Inc. v. Citicorp Credit Services, Inc.*, 614 F.3d 335, 337, 339–40 (7th Cir. 2010) (affirming fee award to copyright defendant after claim dismissed for want of prosecution); *Riviera Distributors, Inc. v. Jones*, 517 F.3d 926, 927–28 (7th Cir. 2008) (reversing denial of fees to copyright defendant after plaintiff conceded it lacked evidence to prove its claim and voluntarily dismissed case).

None of the cases Overhauser cited in the district court involved an agreed settlement. None offers even tangential support for the motion filed in this case, by a defendant who paid the plaintiff to obtain dismissal. In the briefing and argument in this court, Overhauser has offered no support from any case in American law for the proposition that such a settlement authorizes treating the defendant as the prevailing party entitled to costs and attorney fees. His argument that settlement is just not relevant to the question of prevailing party status is also groundless. The reason opinions usually do not discuss the relevance of a settlement is that the point has, apparently, been sufficiently obvious to all.

On appeal, Overhauser asserts that the holding in *Riviera Distributors* supporting his position was recently reaffirmed in *Alliance for Water Efficiency v. Fryer*, 892 F.3d 280 (7th Cir. 2018). Our decision in *Alliance for Water Efficiency* actually undermines his argument. In that copyright case, the parties settled, but on terms that required the district court to retain jurisdiction over the case to enforce their long-term compliance with the settlement terms. We affirmed the district court's

denial of fees under § 505. We distinguished between settlements and judgments, explaining that the party seeking fees never obtained a judgment in his favor on the copyright question. *Id*. at 287. Overhauser argues that his client actually obtained a judgment of dismissal with prejudice, which is true, but the client obtained that judgment only by arranging to pay an amount satisfactory to the plaintiff. The most salient language in *Alliance for Water Efficiency* for our purposes is that a "defendant does not prevail under § 505 just because the parties settle." *Id*. For future reference, we'll make this explicit here: a settling defendant is not a "prevailing" defendant for purposes of a statute that authorize fee awards for prevailing parties, whether or not the settlement calls for a judgment of dismissal.

Since Overhauser did not even admit that a settlement agreement existed, he developed no non-frivolous argument that a "prevailing party" includes a defendant that obtains a voluntary dismissal with prejudice through a settlement paid by its insurer. His argument lacked even "modest support" in the case law. Cf. *E.E.O.C. v. CVS Pharmacy, Inc.*, — F .3d —, —, 2018 WL 5734481, at *5 (7th Cir. 2018) (as amended on petition for rehearing); *Berwick*, 217 F.3d at 504. We reject the notion that a party can "prevail" for purposes of a fee-shifting statute by paying a settlement and obtaining a dismissal with prejudice.

Overhauser next argues that the judge erroneously imposed sanctions because his motion was not misleading, and that even if it was, Rule 11 does not permit sanctions on the basis that it was misleading by omission. Specifically, he contends that non-disclosure of the settlement agreement was not misleading and that "doing so would have breached its

confidentiality provisions, and would have been seemingly irrelevant in view of this Circuit's decisions." But Overhauser could have disclosed solely the *fact* of settlement or sought to file the document under seal. See S.D. Ind. Loc. R. 5-11. The agreement itself permitted limited disclosures.

Overhauser also says it was not misleading to characterize this case and the *Lantz* case as presenting the "identical scenario" because "in both cases, Bell moved to dismiss *after* the defendant filed an answer and affirmative defense." The similar sequence of filings does not matter. Claiming these are identical scenarios, without acknowledging the settlement in this case, requires a willful obtuseness. The plaintiff in *Lantz* conceded defeat and dismissed voluntarily and unilaterally, not as part of a settlement. That's why that defendant was entitled to attorney's fees under 17 U.S.C. § 505. In this case, Vacuforce paid the same plaintiff to settle the claim. Obtaining a dismissal with prejudice in this case was necessary to give effect to the parties' desire for confidentiality by divesting the district court of jurisdiction over the agreement. (Retaining jurisdiction over the settlement agreement would have required incorporating it into the judgment, see *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 489–90 (7th Cir. 2002), but there was nothing to oversee after plaintiff was paid.)

The district court did not abuse its discretion by imposing sanctions for filing a motion for fees that was baseless and rested on "an infirm factual foundation." *CVS Pharmacy*, — F.3d at —, 2018 WL 5734481, at *7; see also Fed. R. Civ. P. 11(b)(3) (requiring that factual contentions have evidentiary support). Overhauser's factual foundation was at the very least "infirm" when he contended that the posture of the case was analogous to *Bell v. Lantz*. Given that Overhauser litigated

*Lantz*, there is no good explanation for his misrepresentation. And Overhauser's contention that an "omission"—here, the fact that his client paid to settle—is not sanctionable is not correct. See, e.g., *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011) (affirming sanctions for party's failure to disclose litigation history regarding 28 U.S.C. § 1915A); *In re Ronco, Inc.*, 838 F.2d 212, 218 (7th Cir. 1988) (agreeing with district court that attorney's failure to disclose relevant prior representation in bankruptcy case was sanctionable).

Finally, we reject Overhauser's last challenge to his Rule 11 sanction. He argues for the first time on appeal that the district court violated Rule 11(c)(5)(B), which limits the court's power to impose monetary sanctions on its own initiative after the entry of judgment. Overhauser waived this argument, which he could have raised in opposition to the show-cause order or in his motion to reconsider the first sanctions order. See *Puffer v. Allstate Insurance Co.*, 675 F.3d 709, 718 (7th Cir. 2012). If Overhauser had preserved the argument, however, it would have been plausible. Rule 11(c)(5)(B) allows a court to award monetary sanctions on its own initiative if it issues a show-cause order "*before voluntary dismissal or settlement* of the claims made by or against the party…whose attorneys are, to be sanctioned."

Still, it would produce an odd result to find that provision applicable here, where the misconduct did not occur until after the district court had entered judgment. It was the judgment itself—dismissal with prejudice pursuant to settlement—that triggered Overhauser's sanctionable motion.

We see no obvious reason why Rule 11 should be interpreted to allow attorneys to file frivolous and abusive pleadings after a judgment without the threat of court-initiated

monetary sanctions. See, e.g., *Kennedy v. Schneider Electric*, 893 F.3d 414 (7th Cir. 2018) (affirming Rule 11 sanction for frivolous post-judgment motion); *Berwick Grain*, 217 F.3d at 504 (7th Cir. 2000) (same, in copyright case). Allowing a court-initiated monetary sanction for post-judgment misconduct is consistent with the purpose of subsection (c)(5)(B), which protects parties from post-judgment sanctions that might have affected the decision to settle or to dismiss a case voluntarily in the first place. See Fed. R. Civ. P. 11 advisory comm. notes 1993 amend. We are confident that if Bell had had any idea that Overhauser was going to pull this stunt, he would not have been willing to dismiss the case voluntarily. The district court ordered Overhauser to show cause before imposing the sanctions, thus satisfying the fairness and notice concerns embodied in the rule. See Fed. R. Civ. P. 11(c)(1); *Divane v. Krull Electric Co.*, 200 F.3d 1020, 1025 (7th Cir. 1999). For these reasons, we will not overlook Overhauser's waiver of the textual argument.

B.  *Section 1927 Fee Award*

We also review sanctions imposed under 28 U.S.C. § 1927 for an abuse of discretion. *United States v. Rogers Cartage Co.*, 794 F.3d 854, 862 (7th Cir. 2015). The same standard applies to the denial of a motion to reconsider. *Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 505 (7th Cir. 2016). Overhauser appeals the § 1927 sanctions requiring him to pay the attorney fees Bell incurred in responding to the frivolous motion for fees. Overhauser rests his argument on his earlier premise that his motion to award costs and attorney fees to Vacuforce was not frivolous or misleading. He also contends that Bell's motion for § 1927 sanctions was incoherent and that the district court did not explain its decision adequately.

The district court did not abuse its discretion by imposing the § 1927 sanction. "Objective bad faith" will support a sanction under § 1927. *Hunt v. Moore Bros., Inc.*, 861 F.3d 655, 659 (7th Cir. 2017). A lawyer demonstrates objective bad faith when she "pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound." *Boyer v. BNSF Ry. Co.*, 824 F.3d 694, 708, modified on other grounds on reh'g, 832 F.3d 699 (7th Cir. 2016), quoting *In re TCI, Ltd.* 769 F.2d 441, 445 (7th Cir. 1985). A court has broad discretion using this power. *Hunt*, 861 F.3d at 660. The district court found that Overhauser's legal contentions were baseless and that he failed to disclose the proper factual foundation necessary to evaluate his legal argument. Although Bell did not belabor the reasons for sanctioning Overhauser, the motion and the court's earlier order gave Overhauser adequate notice of the objectionable conduct and afforded him a fair opportunity to respond. See *Morjal v. City of Chicago*, 774 F.3d 419, 422 (7th Cir. 2014). The district court did not abuse its discretion in determining that Overhauser's conduct was so objectively unreasonable that it called for compensatory sanctions under § 1927 just as it called for sanctions under Rule 11.

Overhauser also contests the denial of his motion to reconsider the ruling initially sanctioning him. As the discussion of the sanctions awards should make clear, the district court's assessment of that motion was correct: Overhauser's assertion that Vacuforce "prevailed" while failing to mention the settlement provided a sound basis for denying the motion. See *Alliance for Water Efficiency*, 892 F.3d at 286 (rulings on fee requests under § 505 are reviewed for abuse of discretion). Because Vacuforce was not the prevailing party and the district court was well within its discretion to impose sanctions as an

original matter, it had even greater discretion not to reconsider that ruling, especially without a coherent argument that it had erred legally or factually.

C. *Appellate Sanctions*

Finally, Bell's response brief requests appellate sanctions against Overhauser for several reasons, including that Overhauser's appeal simply repeats his losing arguments from the district court and constitutes a "colossal waste of time." Federal Rule of Appellate Procedure 38 expressly requires parties to move for sanctions in a "separately filed motion." We reminded Bell's counsel of this requirement at oral argument, and only afterwards did Bell file the requisite motion. We have previously refused to grant non-conforming requests for sanctions, noting the "irony inherent in a party's procedurally improper request that the court sanction an opposing party for failing to comply with other procedural rules." *Kennedy v. Schneider Electric*, 893 F.3d at 421. Bell's motion has come too late.

In addition, although the underlying motion that prompted the district court to admonish Overhauser was frivolous and sanctionable, it does not follow that the appeal of the sanctions was itself frivolous. See *Insurance Co. of the West v. County of McHenry*, 328 F.3d 926, 930 (7th Cir. 2003) (Rule 38 sanctions not warranted where at least one issue on appeal had reasonable basis in law and fact). We also are not inclined to add fuel that would further raise the temperature between these two parties in their legal analog to long-term trench warfare.

The district court did not abuse its discretion in imposing sanctions under Rule 11 and 28 U.S.C. § 1927 or in denying

relief under Rules 52 and 59. The orders of the district court are AFFIRMED.