**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 10, 2019*
Decided April 11, 2019

**Before**

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-2623

| | |
|---|---|
| JACKSON FAIRBANKS VEIT, <br>     *Plaintiff-Appellant*, | Appeal from the United States District <br> Court for the Eastern District of Wisconsin. |
|     *v.* | No. 16-CV-621 |
| ANGELA FRATER and <br> "NEW COMPANY," <br>     *Defendants-Appellees*. | David E. Jones, <br> *Magistrate Judge*. |

**O R D E R**

In *Veit v. Frater*, 715 F. App'x 524 (7th Cir. 2017), we vacated the district court's decision that claim preclusion barred Jackson Veit's claim that the defendants conspired to defraud him of the value of the securities that he held in InfoCorp, LLC, in violation of the Securities and Exchange Act of 1934. On remand, the district court dismissed

---

* We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Veit's suit as time-barred and granted the defendants' motion for sanctions. We affirm both rulings, and we grant the appellees' motion for further sanctions.

In 2012, Veit filed an action in state court alleging that Angela Frater and others had defrauded him of his investment in InfoCorp by selling its assets to Speranza, Inc. and giving him nothing. The court entered summary judgment for the defendants in 2013, and Veit did not appeal. Veit then filed this suit in 2016 against Frater, Speranza, and others. After the defendants moved to dismiss based on claim preclusion, Veit amended his complaint and proceeded only against Frater and "New Company," a thinly veiled alias for Speranza. The magistrate judge (presiding by consent) dismissed the whole case on claim preclusion grounds, but we vacated the decision as to the claim under the 1934 Act because Veit could not have brought it in the prior state-court action. But we also suggested that the magistrate judge consider sanctioning Veit for his "bold and transparent misrepresentations" that "New Company" was something other than Speranza.

On remand, the magistrate judge agreed to consider the other grounds that the defendants had originally raised for dismissing the complaint without additional briefing. The magistrate judge also entered an order to show cause why Veit should not be sanctioned for his litigation conduct. The defendants, at the magistrate judge's invitation, then filed a motion for sanctions based upon the clear lack of merit of Veit's 1934 Act claim and his "pleadings subterfuge." (The defendants already had served the requisite notice under Federal Rule of Civil Procedure 11.)

The magistrate judge held a teleconference during which he orally concluded that Veit's securities-fraud claim was barred by the statute of limitations. A claim of fraud or deceit under the 1934 Act "may be brought not later than … 2 years after the discovery of the facts constituting the violation." 28 U.S.C. § 1658(b)(1). The magistrate judge determined that the limitations period began to run in 2013 at the conclusion of Veit's state court proceedings. Veit untimely filed his federal complaint in 2016, more than two years later. The magistrate judge rejected Veit's contention that the defendants had fraudulently concealed the existence of "New Company" and that this fraud tolled the statute of limitations. He also stated that Veit's claims were barred by the five-year statute of repose. *See id.* at § 1658(b)(2). When the magistrate judge promised to issue written decisions on timeliness and the sanctions motion, he warned Veit and his attorney to "tread carefully" in continuing to argue about the existence of "New Company" and the purported fraud by the defendants. Rather than heed the warning, however, Veit's lawyer filed four letters pressing those arguments.

As promised, the magistrate judge followed up with a written decision dismissing the claim under the 1934 Act. The magistrate judge explained that Veit's suit was barred by both the two-year statute of limitations, 28 U.S.C. § 1658(b)(1), and the statute of repose, § 1658(b)(2), which unequivocally barred Veit from filing suit more than five years after the defendants first allegedly defrauded him in 2010. *See McCann v. Hy-Vee, Inc.*, 663 F.3d 926, 930 (7th Cir. 2011). The magistrate judge then granted the defendants' Rule 11 motion for sanctions for Veit's "intransigence in pursuing time-barred and already adjudicated claims" and "vexatious litigation." That included Veit's efforts on remand to file another amended complaint, in defiance of the magistrate judge's conclusions about the viability of the claims. The magistrate judge sanctioned Veit $15,000—of which his attorney was jointly liable for $5,000—slightly less than the defendants' costs.

On appeal, Veit concedes that his federal claim is untimely but contends that the defendants' ongoing fraudulent concealment of "New Company" should toll the statute of limitations. He argues that the defendants created "New Company," an independent entity that predated Speranza, as part of a "shell game" to secretly change ownership of InfoCorp. According to Veit, the defendants have concealed the nature of "New Company" and therefore his untimely claim should be allowed to proceed. Veit misunderstands the doctrine of fraudulent concealment, which tolls the statute of limitations only if acts by the defendants concealed the nature of the offense and prevented him from knowing of it. *See In re Copper Antitrust Litig.*, 436 F.3d 782, 791 (7th Cir. 2006). Nothing that the defendants did prevented Veit from knowing that he was injured, when he was injured, and who injured him. He knew all three things in 2012 when he filed his suit in state court based on this exact alleged scheme to defraud. Regardless of whether "New Company" was anything more than a placeholder name for what became Speranza—for which there is no evidence—Veit still knew that he was injured by Frater, the other owners, and the purchaser of InfoCorp. The magistrate judge therefore properly recognized that Veit was not entitled to equitable tolling.

And even if fraudulent concealment tolled the statute of limitations, it would not affect the running of the statute of repose, which bars plaintiffs from filing suit later than five years after being defrauded. 28 U.S.C. § 1658(b)(2); *McCann*, 663 F.3d at 930 (explaining that equitable tolling does not apply to statutes of repose). Veit fails even to mention the statute of repose, an inarguable barrier to this lawsuit.

Veit next contends that the magistrate judge erred by granting the defendants' request for sanctions. We review a Rule 11 sanctions order for abuse of discretion.

*Bell v. Vacuforce, LLC*, 908 F.3d 1075, 1079 (7th Cir. 2018). Even after being warned that he would be sanctioned for doing so, Veit repeatedly raised his fraudulent concealment argument on remand. He needlessly expended judicial resources and harassed the defendants with his superfluous and occasionally misleading filings. We particularly are concerned with Veit's consistent misrepresentation that his narrow victory in the first appeal amounted to our endorsement of the merits of his lawsuit. The award of sanctions was not an abuse of discretion. We have considered Veit's other arguments, and none has merit.

Finally, the defendants move separately for further sanctions under Federal Rule of Appellate Procedure 38, which authorizes us to award damages against an appellant for filing a frivolous appeal. "An appeal is frivolous 'when the result is obvious or when the appellant's argument is wholly without merit.'" *Arnold v. Villarreal*, 853 F.3d 384, 389 (7th Cir. 2017) (quoting *Harris N.A. v. Hershey*, 711 F.3d 794, 802 (7th Cir. 2013)). We declined to award sanctions during the last appeal because Veit had successfully argued that his federal securities claim was not precluded by the state court judgment. This appeal is a different story. Veit has attempted to keep his time-barred case alive with his meritless argument for equitable tolling, and he did not even address the statute of repose in his brief. He has raised even more frivolous contentions on appeal— for example, that the magistrate judge erred by refusing leave to amend his "pro se" complaint and failing to construe his "pro se" pleadings liberally. But we limited the scope of the case on remand to one claim under federal securities law. Besides, he had counsel in the district court (something he consistently attempts to mask), though the attorney again is not participating in the appeal. Further, his briefs on appeal continue to misrepresent the contents of our prior order for a narrow remand and what has transpired during this litigation. Accordingly, we order the following:

1. The motion for sanctions is granted. Defendants have 14 days to file statements of the attorneys' fees and costs reasonably incurred in dealing with Veit's federal litigation during this appeal. Veit will have 14 days to respond to those statements.

2. If Veit does not pay the sanction within 14 days of its entry, we will enter an order under *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995), suspending his right to litigate in the courts of this circuit until full payment has been made.

AFFIRMED