NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

December 6, 2007

Before

**Hon.** FRANK H. EASTERBROOK, Chief Judge

**Hon.** WILLIAM J. BAUER, Circuit Judge

**Hon.** DANIEL A. MANION, Circuit Judge

| | |
|---|---|
| **No**. 07-1820 | Appeal from the United States District Court for the Western District of Wisconsin. |
| BOBBY MARVIN COLLINS, *Petitioner-Appellant*, | |
| **v.** | |
| UNITED STATES OF AMERICA, *Respondent-Appellee*. | No. 07 C 130 Barbara B. Crabb, *Chief Judge*. |

## Order

Bobby Collins, an inmate of the Federal Correctional Institution in Oxford, Wisconsin, filed in the Western District of Wisconsin a petition for a writ of habeas corpus under 28 U.S.C. §2241. The district court concluded that this petition should have been filed under 28 U.S.C. §2255, because it challenges the validity of petitioner's conviction, and dismissed it (rather than transferring it to the District of Minnesota, the right venue under §2255) because Collins has already filed and lost under §2255.

Two assumptions appear to lie behind this ruling. One is that §2241 deals only with conditions of confinement and cannot be used to contest a conviction's validity. That is incorrect; §2241 by its terms covers any claim for release by a person who contends that his custody violates the Constitution or laws of the

United States. Until 1948, when §2255 was enacted, §2241 was the normal means of obtaining collateral review of federal convictions. Congress did not amend or repeal §2241 when §2255 was enacted--though paragraph 5 of §2255 makes that section the exclusive remedy unless "the remedy by motion is inadequate or ineffective to test the legality of his detention."

The district court's other assumption is that the statutory limits on the number of actions invoking §2255, and the requirement of appellate approval for successive motions, also apply to proceedings under §2241. That assumption is inconsistent with *Felker v. Turpin*, 518 U.S. 651 (1996), which holds that changes made by the Antiterrorism and Effective Death Penalty Act of 1996 do not apply to proceedings under §2241. See also, e.g., *Valona v. United States*, 138 F.3d 693 (7th Cir. 1998).

This is a genuine proceeding under §2241. Collins is in federal custody; the action was filed, against his custodian, in the district of custody. It cannot be treated as an action under §2255, because only the District of Minnesota may entertain such an action. Moreover, both the Supreme Court in *Felker* and this court in several opinions have held that judges must respect the plaintiff's choice of statute to invoke--whether §2241, §2255, or 42 U.S.C. §1983--and give the action the treatment appropriate under that law. See, e.g., *Copus v. Edgerton*, 96 F.3d 1038 (7th Cir. 1996).

A motion in a criminal case--whether nominally under Fed. R. Crim. P. 33, or bearing an ancient title such as coram vobis or audita querela--may be treated as one under §2255, because the caption on a document does not matter. (Section 2255 authorizes motions "in" the original criminal case.) See, e.g., *Melton v. United States*, 359 F.3d 855 (7th Cir. 2004). *Castro v. United States*, 540 U.S. 375 (2003), adds that the district judge first must notify the movant of the consequences of this step and give him an opportunity to withdraw the request. Cf. *Gonzalez v. Crosby*, 545 U.S. 524 (2005) (motion nominally under Fed. R. Civ. P. 60(b) in an action seeking collateral relief may be treated as a successive request for collateral relief it it directly challenges the validity of the conviction or sentence). But §2241 and for that matter §1983 authorize distinct forms of relief in different courts. Persons who initiate independent litigation are entitled to have it resolved under the grant of authority that has been invoked.

Collins contends that he is entitled to relief under §2241. If, as seems likely, §2255 offered him one full and fair opportunity to contest his conviction in Minnesota, then the §2241 action must be dismissed under §2255 ¶5. But if for some reason §2255 did not offer him an adequate opportunity to test the validity of his conviction, then the district court must entertain this §2241 action on the merits. See *In re Davenport*, 147 F.3d 605 (7th Cir. 1998).

VACATED AND REMANDED