NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 18, 2009[*]
Decided August 18, 2009

**Before**

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-4207

| | |
|---|---|
| DAVID W. NAIL, | Appeal from the United States District Court |
| *Petitioner-Appellant*, | for the Northern District of Indiana, South |
| | Bend Division. |
| *v.* | |
| | No. 3:08-CV-400-WCL |
| BILL K. WILSON, | |
| *Respondent-Appellee*. | William C. Lee, |
| | *Judge*. |

**O R D E R**

David Nail, an Indiana prisoner, filed a petition under 28 U.S.C. § 2254 challenging a prison disciplinary decision. The district court denied the petition on the merits. Nail did

---

[*] The appellee notified this court that he was not served with process in the district court and would not be filing a brief or participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. The appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2).

not appeal that decision, but filed two postjudgment motions, the first of which simply rehashes the merits of his petition for habeas corpus. That postjudgment motion was filed more than ten days after entry of judgment, so the district court declined to construe it as a motion for reconsideration under Federal Rule of Civil Procedure 59(e). *See Easley v. Kirmsey*, 382 F.3d 693, 696 n.2 (7th Cir. 2004); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001). The court instead characterized the motion as an unauthorized successive collateral attack and dismissed it for lack of subject-matter jurisdiction. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005); *Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007). The court's ruling prompted Nail to file his second postjudgment motion, this time arguing that the district court should have construed the previous submission as a timely Rule 59 motion because, Nail says, he was unable to file it sooner due to an unexpected change in the prison's photocopying policy. But Nail's second motion was filed more than ten days after his first was denied, and so the district court construed it as a motion under Federal Rule of Civil Procedure 60(b). The court denied it.

We already have issued a jurisdictional ruling in this appeal limiting our review to the order denying Nail's second postjudgment motion. *See Nail v. Wilson*, No. 08-4207 (7th Cir. Mar. 17, 2009) (unpublished order). In that ruling we concluded that Nail's notice of appeal is untimely with respect to the district court's other orders. Nail argues that we should rescind the jurisdictional ruling and also review the merits of the district court's first two orders, but we see no reason to revisit our decision.

As to the denial of Nail's second postjudgment motion, the district court's analysis is correct. The second motion points out a perceived flaw in the district court's characterization of Nail's first postjudgment motion as a successive petition for habeas corpus, but since the second motion was not filed until more than ten days after entry of the order dismissing the first, it cannot be anything but a motion under Rule 60(b). *See Easley*, 382 F.3d at 696 n.2. In the second motion Nail argues that the ten-day limit for filing a Rule 59 motion should have been excused because his motion was late due to a change in prison policy and through no fault of his own. That argument is not appropriate for a motion under Rule 60(b). *See Stoller v. Pure Fishing Inc.*, 528 F.3d 478, 480 (7th Cir. 2008); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Neuberg v. Michael Reese Hosp. Found.*, 123 F.3d 951, 955 (7th Cir. 1997). And at all events, district courts lack the power to extend the time for filing a Rule 59 motion, regardless of the circumstances. *See* FED. R. CIV. P. 6(b)(2); *Talano*, 273 F.3d at 761; *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994).

Nail has also filed what he calls a "Motion to Addend [sic] Appeal Brief" in which he introduces a new argument. He seeks to argue that his first postjudgment motion was actually filed within the ten-day period for filing a Rule 59(e) motion. He bases that argument on his mistaken belief that the ten-day period began when he received a copy of

the district court's order. However, the ten-day period runs from the entry of judgment. *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008); *Borrero v. City of Chicago*, 456 F.3d 698, 701 (7th Cir. 2006). The date Nail received the judgment irrelevant. And in any event, our order limiting review in this case to the order denying Nail's second postjudgment motion would foreclose this argument.

The judgment of the district court is **AFFIRMED**. Nail's motion to amend his appeal brief is **DENIED**.