NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted June 17, 2010\*

Decided June 23, 2010

Before

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

| | |
|---|---|
| **No**. 09-2750<br><br>ROLAND C. SPERBERG,<br>    *Petitioner-Appellant,*<br><br>**v.**<br><br>HELEN J. MARBERRY,<br>    *Respondent-Appellee.* | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division.<br><br>No. 2:09-cv-22-WTL-JMS<br>William T. Lawrence, *Judge*. |

**Order**

The judgment of the district court dismissing Sperberg's petition under 28 U.S.C. §2241 for want of jurisdiction is incompatible with *Collins v. Holinka*, 510 F.3d 666 (7th Cir. 2007), which holds that a prisoner's use of the one collateral attack allowed under 28 U.S.C. §2255(h) does not deprive a district court of subject-matter jurisdiction to entertain a later petition under §2241. Whether the proceeding is allowable under §2255(e) is a question on the merits; it does not affect subject-matter jurisdiction.

---

\* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

Compare *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), with *Taylor v. Gilkey*, 314 F.3d 832 (7th Cir. 2002).

On remand, the district court should reconsider its decision in light of *Welch v. United States*, 604 F.3d 402 (7th Cir. 2010), and the position asserted in the brief for the respondent warden filed in this court on May 24, 2010. We leave to the discretion of the district court whether it is appropriate to appoint a lawyer to serve as *amicus curiae* in support of the position that this situation is covered by *Taylor* rather than *Davenport*.