NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 13, 2014[*]
Decided February 13, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-2749

| | |
|---|---|
| POLIN LOPEZ, *Petitioner-Appellant*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 13-cv-1084 |
| RICARDO RIOS, *Respondent-Appellee*. | Joe Billy McDade, *Judge*. |

**O R D E R**

Polin Lopez, a member of the Latin Kings gang, pleaded guilty to conspiring to possess cocaine with intent to distribute, 21 U.S.C. §§ 846, 841(a)(1), and was sentenced to 60 months' imprisonment. After completing a residential drug-treatment program, he asked to be released a year early, *see* 18 U.S.C. § 3621(e)(2)(B), but the Bureau of Prisons denied his request. By regulation, prisoners who complete such a program nevertheless

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. The appeal is thus submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

cannot be released early if they are serving time for a felony that involved possession of a firearm. 28 C.F.R. § 550.55(b)(5)(ii). At sentencing the district court adopted without objection Lopez's presentence investigation report, which proposed a 2-level upward adjustment based on the defendant's admissions that his coconspirators had possessed guns and that some of the money from their cocaine sales was earmarked to buy additional weapons. *See* U.S.S.G. § 2D1.1(b)(2). Those admissions underlie the BOP's refusal to grant Lopez early release.

Lopez challenged the BOP's decision by petitioning for a writ of habeas corpus. *See* 28 U.S.C. § 2241. Lopez argued that, first, the sentencing judge never accepted the probation officer's recommendation to increase his offense level for gun possession and, second, the BOP is exceeding its statutory authority by refusing to grant early release to inmates whose crimes involved firearms. The district court reasoned that Lopez's petition for habeas corpus really is a challenge to agency action under the Administrative Procedure Act, *see* 5 U.S.C. § 702, and thus dismissed the action on the ground that the BOP's discretionary decisions are exempt from APA review, *see* 18 U.S.C. § 3625.

The district court reached the right result, if by the wrong route. An APA action contesting a discretionary denial of early release after successful completion of drug treatment indeed is categorically barred by § 3625. *Standifer v. Ledezema*, 653 F.3d 1276, 1279 n.3 (10th Cir. 2011); *Reeb v. Thomas*, 636 F.3d 1224, 1226–28 (9th Cir. 2011). And a challenge to the BOP's general policy also hits a dead end since the Supreme Court has held that excluding from early release those prisoners who were involved with firearms is a reasonable, permissible administrative policy. *Lopez v. Davis*, 531 U.S. 230, 244 (2001).

But Lopez did not file an APA suit; he petitioned for habeas corpus under § 2241, appropriately against his custodian in the district of his custody. *See Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007). We have urged district courts to honor a prisoner's choice of claim and cautioned against converting collateral actions into other civil actions (because of the varying requirements and restrictions concerning inmate litigation, depending on the statute invoked). *Id.* at 667; *Richmond v. Scibana*, 387 F.3d 602, 606 (7th Cir. 2004); *Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000). Section 2241 allows a prisoner to seek release, *see Richmond*, 387 F.3d at 605, if his continued custody violates the Constitution or federal laws. 28 U.S.C. § 2241(c)(3); *see also Reeb*, 636 F.3d at 1228 (holding that federal courts lack jurisdiction under the APA to review discretionary decisions concerning  early release for participants in

residential drug-treatment programs but recognizing that "judicial review remains available for allegations that BOP action is contrary to established federal law" or "violates the United States Constitution"). Still, Lopez has made no such claim, nor can we see one available to him. Since Lopez's case is futile, we may affirm the district court's disposition after modifying the dismissal for lack of subject-matter jurisdiction to a dismissal on the merits. *See Miller v. Herman*, 600 F.3d 726, 732–33 (7th Cir. 2010); *White v. Elrod*, 816 F.2d 1172, 1176 (7th Cir. 1987).

As modified in accordance with this order, the judgment of the district court is **AFFIRMED**.