**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 18, 2017[*]
Decided January 19, 2017

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-1980

| | |
|---|---|
| ROGER C. DAY, JR., | Appeal from the United States District |
| *Petitioner-Appellant*, | Court for the Southern District of Indiana, |
| | Terre Haute Division. |
| *v.* | |
| | No. 2:16-cv-00046-JMS-MJD |
| CHARLES A. DANIELS, Warden, | |
| *Respondent-Appellee*. | Jane E. Magnus-Stinson, |
| | *Chief Judge*. |

### O R D E R

Roger Day, Jr., appeals the summary dismissal of his habeas corpus petition filed under 28 U.S.C. § 2241 challenging his participation in the Bureau of Prisons' Inmate Financial Responsibility Program. Day argues that the Bureau usurped the sentencing court's authority by setting a schedule for paying his criminal penalties during his

---

[*] We have unanimously agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

incarceration. His contention is meritless because the payment schedule did not create any payment obligations greater than those that the sentencing court had already imposed. Thus we affirm the dismissal.

After a jury trial in the Eastern District of Virginia in 2011, Day was convicted of wire fraud and three charges of conspiracy to defraud the Department of Defense by selling it defective parts for military equipment. The Virginia district court sentenced him to 105 years' imprisonment and ordered him to pay $3 million in fines and over $6 million in restitution. The judgment provided that "[u]nless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment." It added that starting 60 days after Day's prison term ends, he must pay any remaining balance in monthly installments of $25.

Four years later, Day sought administrative relief from the Bureau of Prisons from his payment obligations. He asserted that only the Virginia district court could set a payment schedule for his monetary obligations, and it had not done so; therefore, he reasoned, any payments that he had made by participating in the Bureau's Inmate Financial Responsibility Program should be returned to him and all future payment obligations extinguished. (When Day had signed up for this program, he described his participation as "without prejudice" to backing out of it.) Day received no response from the Bureau's national office to his administrative appeal, so he sent a "notice of default" to the office, asserting that the Bureau's failure to respond precluded it from contesting his request for relief.

After sending the "notice of default," Day filed a habeas corpus petition in the Southern District of Indiana, where he is imprisoned, arguing that the Bureau violated the terms of the criminal judgment. He contends that the Bureau unlawfully set a payment schedule through the inmate payment program rather than through the judgment itself. Moreover, Day continues, because he had assented to participate in that program "without prejudice," he had not consented to modifying the judgment. The Indiana district court dismissed his petition, concluding that the Bureau's payment schedule was lawful and that Day was voluntarily participating in the payment program.

On appeal Day contends that the Bureau, by not responding to his appeal of his administrative request, "defaulted" and his payment obligations are void. The Bureau's nonresponse to Day's appeal was not a "default" entitling Day to automatic relief. As

Day acknowledges, 28 C.F.R. § 542.18 governs the consequences of the Bureau's decision not to respond to an administrative appeal: If an inmate does not receive a response within the given time frame, "the inmate may consider the absence of a response to be a denial at that level." Because a nonresponse equals a denial, the most that Day can claim is that he had exhausted his administrative remedies and could bring suit, which he did. *See Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016); *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011).

Day next argues, incorrectly, that by setting a payment schedule, the Bureau improperly usurped the Virginia district court's role. But that court did not have to set a schedule to establish Day's payment duties. By virtue of his criminal judgment, "[t]he federal criminal code *requires* that restitution be paid immediately unless the district court provides otherwise, 18 U.S.C. § 3572(d)(1), which it did not." *United States v. Wykoff*, 839 F.3d 581, 582 (7th Cir. 2016). Likewise, in *United States v. Sawyer*, 521 F.3d 792, 795 (7th Cir. 2008), we pointed out that at the start of incarceration, "any existing assets should be seized promptly" to satisfy a defendant's criminal monetary obligations. It is true that the Bureau, as it was authorized to do, invited Day to participate in a payment program that would benefit him by spreading out over time the process of collecting his immediately due payments. *See id.* at 795–96. But his participation was voluntary, *see United States v. Boyd*, 608 F.3d 331, 335 (7th Cir. 2010), and in any case did not accelerate his payment obligations ahead of what was already required as a consequence of his criminal judgment.

Day's final argument also goes nowhere. He maintains that by writing "without prejudice" on his agreement to participate in the payment program, he is allowed to withdraw from it. The Bureau does not contend that he must participate. But if he withdraws from the program, the Bureau may impose consequences, such as restrictions on commissary spending, working, housing, and programming. *See* 28 C.F.R. § 545.11(d). Nonetheless, his obligation to pay his criminal penalties immediately will remain in force by dint of the criminal code, regardless of his participation in the voluntary program.

Accordingly, we AFFIRM the district court's dismissal.