In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 15-2378

RUSSELL PREVATTE,

*Petitioner-Appellant,*

*v.*

STEVEN MERLAK,

*Respondent-Appellee.*

_____

Appeal from the United States District Court for the
Central District of Illinois.
No. 15 CV 01034 — **James E. Shadid**, *Chief Judge.*

_____

ARGUED SEPTEMBER 9, 2016 — DECIDED AUGUST 1, 2017

_____

Before POSNER, MANION, and WILLIAMS, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* Russell Prevatte was convicted of detonating a pipe bomb in an alley that destroyed property and resulted in the death of an innocent bystander, Emily Antkowicz, in violation of 18 U.S.C. § 844(i). If the pipe bomb had not caused a death, at the time of his conviction, the maximum sentence Prevatte could have received for the violation of § 844(i) would have been ten years. However,

because the judge found at sentencing that the bomb did cause the death of Ms. Antkowicz, Prevatte was ultimately sentenced to forty-four years' imprisonment on that count.

Prevatte filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that under *Burrage v. United States*, 134 S. Ct. 881 (2014), the jury, not the judge, should have made the finding that the bomb was the but-for cause of Ms. Antkowicz's death and because that did not happen, his enhanced sentence is illegal and a miscarriage of justice. The district court dismissed Prevatte's petition without prejudice for lack of jurisdiction and he appealed.

We agree with the district court that Prevatte's petition should be dismissed, but our reasoning is different than that of the district court. First, our court has already found that *Burrage* is not about whether a judge or jury makes the "death results" finding, but instead clarifies that the underlying crime, in this case the detonation of the bomb, must be a but-for cause of death and not merely a contributing factor to the death. Second, Prevatte could have argued that the government did not prove that the bomb was a but-for cause of death at his trial, as part of his direct appeal or as part of his initial § 2255 motion. No circuit precedent prevented him from making such an argument. Third, and perhaps, most importantly, the unrebutted evidence at trial established that the bomb was the but-for cause of Ms. Antkowicz's death. So Prevatte's enhanced sentence is neither illegal nor a miscarriage of justice. For these reasons, the district court was

correct in holding that Prevatte's petition for habeas corpus should be dismissed.

## I. BACKGROUND

A jury found Russell Prevatte guilty in 1992 of fourteen counts of explosive and firearm violations related to his involvement in a series of bombings and burglaries. Count two, the count relevant here, charged that Prevatte detonated a pipe bomb that resulted in the death of Emily Antkowicz, in violation of 18 U.S.C. § 844(i). At the time, the statutory default maximum sentence under § 844(i) was ten years' imprisonment. However, the statute also provided that "if death results to any person … as a direct or proximate cause of conduct prohibited by this subsection," then the offender would be subject to an enhanced sentence of up to life in prison.

The trial court did not instruct the jury on the "death results" element of § 844(i), and it did not make such a finding when Prevatte was convicted on count two. At trial, the jury heard that Antkowicz, a bystander, who did not know Prevatte or his associates, was standing about thirteen feet from where the pipe bomb was detonated. An officer who responded to the scene testified that Antkowicz "looked as if she had been pelted" and as if "she had been hit by a shotgun." The pathologist who performed the autopsy testified that he found no indication of any condition that would have caused Antkowicz's injuries other than the pipe bomb blast.

At Prevatte's initial sentencing hearing, the judge adopted the factual statements in the Presentence Investigation Report's findings of fact, including that Antkowicz was killed

by fragmentation from the pipe bomb set off by Prevatte and a co-defendant. Prevatte was sentenced to life in prison on count two but, after two successful appeals, his sentence was reduced to forty-four years' imprisonment.

In 2014, the Supreme Court considered a sentencing enhancement provision in the Controlled Substances Act that provides for an enhanced penalty "if death or serious bodily injury results from the use of" a controlled substance supplied by the defendant. 21 U.S.C. § 841(b)(1); *Burrage v. United States*, 134 S. Ct. 881 (2014). The Court ruled in *Burrage* that a defendant cannot receive the enhancement unless the controlled substance use "is a but-for cause of the death or injury." 134 S. Ct. at 892.

Relying on *Burrage*, in 2015, Prevatte filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his sentence. (He had previously filed unsuccessful motions under 28 U.S.C. § 2255 and § 2241 alleging different theories.) The district court found that Prevatte failed to show that § 2255 was inadequate or ineffective to test the validity of his sentence and dismissed his petition under § 2241 without prejudice for lack of jurisdiction. The district court later denied Prevatte's motion for reconsideration, ruling that *Burrage* was not retroactive to cases on collateral review and that Prevatte could not demonstrate he is actually innocent of his conviction and sentence. Prevatte now appeals.

## II. ANALYSIS

Prevatte maintains that he is entitled to relief under *Burrage* because the jury in his case did not find beyond a reasonable doubt that his conduct was a but-for cause of Antkowicz's death. Respondent counters that Prevatte

misreads the holding of *Burrage* because it did not address the respective roles of the judge and jury. Instead, *Burrage* simply clarified that for a "death results" penalty enhancement to apply, the underlying criminal offense must be a but-for cause of death. We review the district court's denial of Prevatte's § 2241 petition de novo. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).

### A. Requirements of a Petition Under § 2241

Generally speaking, a federal prisoner seeking to challenge the legality of his sentence must bring a motion under 28 U.S.C. § 2255. As noted above, Prevatte has filed § 2255 petitions previously and his current claim does not meet the standard to bring a successive petition under § 2255(h). However, § 2255(e) provides that if § 2255 is "inadequate or ineffective to test the legality of his detention," Prevatte may file an application for a writ of habeas corpus under 28 U.S.C. § 2241. This is known as the "savings clause" of § 2255 and it "… will permit a federal prisoner 'to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion.'" *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016) (quoting *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998)).

To establish that § 2255 was "inadequate or ineffective to test the legality of his detention," Prevatte must satisfy the following three-part test:

> (1) that he relies on "not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second

> or successive section 2255 motion," (2) that the
> new rule applies retroactively to cases on
> collateral review and could not have been
> invoked in his earlier proceeding, and (3) that
> the error is "grave enough … to be deemed a
> miscarriage of justice corrigible therefore in a
> habeas corpus proceeding," such as one
> resulting in "a conviction for a crime of which
> he was innocent."

*Id.* (quoting *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). If Prevatte demonstrates that his claim meets all three of these factors, he would be authorized, under § 2255(e), to bring a petition for habeas corpus pursuant to 28 U.S.C. § 2241.

### 1. Prevatte Satisfies First Prong Because *Burrage* is a Statutory Interpretation Case

Prevatte meets the first prong of the above test because *Burrage* is a statutory interpretation case. As noted above, in *Burrage* the Supreme Court was interpreting the provision of the Controlled Substances Act that increases the mandatory minimum sentence for a defendant who distributes a Schedule I or II drug and "death or serious bodily injury results from the use of such substance." *Burrage*, 134 S. Ct. at 885 (quoting 21 U.S.C. § 841(a)(1), (b)(1)(A)-(C)). Specifically, the Court "… consider[ed] whether the mandatory-minimum provision applies when use of a covered drug supplied by the defendant contributes to, but is not a but-for cause of, the victim's death or injury." *Id.*

In *Burrage*, the defendant was indicted under 21 U.S.C. § 841(a)(1) and 28 U.S.C. §841(b)(1)(C) for distributing heroin that "resulted" in the death of Joshua Banka. Before Banka

died, he had taken a number of different drugs in addition to the heroin the defendant Marcus Burrage had sold to him. The question of whether Banka's death "result[ed] from the use of" the heroin sold to him by Burrage was put to the jury. *Id.* at 886. The jury was instructed that it could convict Burrage if it found "that the heroin distributed by the Defendant was a contributing cause of Joshua Banka's death." *Id.* The jury convicted Burrage and he was sentenced to twenty years' imprisonment, the mandatory minimum sentence for a conviction under § 841(b)(1)(C). The Eighth Circuit approved the "contributing-cause" jury instruction and affirmed the conviction.

The Supreme Court reversed holding that:

> … at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of death or injury.

*Id.* at 892. So, the Supreme Court found the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) could not be applied in cases like Burrage's, where the government could only prove that the heroin supplied by Burrage was a contributing cause of Banka's death but could not prove it was a but-for cause of death. *Id.* at 892.

### 2. Burrage is Retroactive

Although Prevatte meets the first prong of the test to determine if § 2255 was "inadequate or ineffective to test the legality of his detention," he cannot satisfy the second prong,

that requires that the new rule upon which he relies is *both* retroactive to cases on collateral review *and* could not have been invoked by Prevatte in an earlier proceeding. We accept Respondent's concession in this court that *Burrage* is retroactive. However, we note that Respondent argued before the district court that *Burrage* is not retroactive to cases on collateral review. The district court agreed that *Burrage* is not retroactive for two reasons: (1) because the Supreme Court has not yet declared *Burrage* to be retroactive to cases on collateral review; and (2) in the district court's view, *Burrage* was merely an extension of non-retroactive cases, such as *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which held that any factor that increases the penalty for a crime beyond the statutory maximum must be proven to a jury beyond a reasonable doubt.

Based on opinions we have issued after the district court made its rulings in the instant case, we respectfully disagree with the district court. First, in *Price v. United States*, 795 F.3d 731 (7th Cir. 2015), we held that even if the Supreme Court has not explicitly stated that a particular case is retroactive to cases on collateral review, if the Court's previous holdings "… logically permit no other conclusion than that the rule is retroactive," the Supreme Court will have been deemed to have "made" the rule retroactive. *Id.* at 733 (quoting *Tyler v. Cain*, 533 U.S. 656, 669 (2001) (O'Connor, J., concurring)). Second, in *Krieger v. United States*, 842 F.3d 490 (7th Cir. 2016), we rejected the contention that *Burrage* is merely an extension of non-retroactive cases such as *Apprendi*. The *Krieger* court stated, "The *Burrage* holding is not about who decides a given question (judge or jury) or what the burden of proof is (preponderance versus proof beyond a reasonable doubt). It is rather about *what* must be proved." *Id.* at 499-500. The

*Krieger* court then held that "*what* must be proved," that the drug supplied by the defendant was the but-for cause of death and not merely a contributing factor, "… narrowed the scope of the 'death results' enhancement [of the Controlled Substances Act] and [*Burrage*] is thus substantive and applies retroactively." *Id.* at 497; *see also Gaylord v. United States*, 829 F.3d 500, 505 (7th Cir. 2016) (accepting government's concession that *Burrage* applies retroactively).

### 3. Prevatte Fails to Satisfy Second Prong Because He Could Have Brought *Burrage*-Type Claim Earlier

Although *Burrage* is retroactive, Prevatte cannot satisfy the second prong of the test to determine if § 2255 was "inadequate or ineffective" to challenge the legality of his sentence because Prevatte could have made a *Burrage*-type argument, i.e., that there was not sufficient evidence to prove that the bomb was a but-for cause of death of Ms. Antkowicz, in his direct appeal or in his initial § 2255 motion. Such an argument was not foreclosed by circuit precedent. *See Montana*, 829 F.3d at 784 ("… the second prong is satisfied if 'it would have been futile' to raise a claim in the petitioner's original 'section 2255 motion, as the law was squarely against him.'" (quoting *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (en banc)). *See also Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007) ("Only if the position is foreclosed (as distinct from not being supported by—from being, in other words, novel) by precedent …" can a petitioner satisfy the second prong of the test).

In fact, Prevatte does not assert that circuit precedent foreclosed the argument that the government had to prove that the bomb was a but-for cause of Ms. Antkowicz's death for the "death results" penalty enhancement in the federal

arson statute to apply to him. Instead, he contends that circuit precedent foreclosed the argument that a jury had to find beyond a reasonable doubt that the bomb was a but-for cause of Ms. Antkowicz's death rather than a judge making such a finding by a preponderance of the evidence. Prevatte is correct that at the time he was tried and convicted, the judge made the finding by a preponderance of the evidence that the bomb caused Ms. Antkowicz's death and it likely would have been futile to argue that the jury should have made the finding. However, *Burrage* is not the case that changed that— *Apprendi* is.[1]  As noted above, *Apprendi* is the case in which the Supreme Court held, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490-491. But *Apprendi* cannot help Prevatte because it is not retroactive to cases on collateral review. *Curtis v. United States*, 294 F.3d 841 (7th Cir. 2002).

**4. Prevatte Fails to Satisfy Third Prong Because No Miscarriage of Justice Occurred**

In addition to not meeting the second prong of the test to determine if § 2255 was "inadequate or ineffective," Prevatte

---

[1]  It is true that the *Burrage* court stated, "Because the 'death results' enhancement increased the minimum and maximum sentences to which Burrage was exposed, it is an element that must be submitted to the jury and found beyond a reasonable doubt." *Burrage*, 134 S. Ct. at 887. However, this statement was not part of the Court's holding because in *Burrage* the question of whether the drug sold to the victim by the defendant "resulted in" the death of the victim *was* put to the jury, albeit with the wrong causation standard. So, the aforementioned statement was merely "foundational" and was not part of the Court's holding. *Krieger*, 842 F.3d at 499.

fails to satisfy the third prong as well because he cannot show an error "grave enough … to be deemed a miscarriage of justice …" *Montana*, 829 F.3d 783 (quoting *Brown*, 696 F.3d at 640). There was unrebutted testimony submitted at trial to demonstrate that the pipe bomb was the but-for cause of Ms. Antkowicz's death. As summarized above, law enforcement testified regarding the injuries Ms. Antkowicz had suffered when she was found at the site of the bomb blast and the pathologist that performed her autopsy confirmed that there was nothing that would have caused Antkowicz's injuries other than the pipe bomb blast. Had *Apprendi* been decided before Prevatte's trial, and had the trial court submitted the question of whether the bomb was a but-for cause of death of Ms. Antkowicz to the jury, the jury would have found, beyond a reasonable doubt, that the bomb was a but-for cause of Ms. Antkowicz's death. This is not a case like *Burrage* where multiple drugs ingested by the victim may or may not have caused the victim's death. In this case, the evidence presented was clear and unrebutted that the only thing that killed Ms. Antkowicz was the pipe bomb which was detonated only thirteen feet away from her.

Despite the plethora of evidence presented at trial to show that the pipe bomb was the but-for cause of Ms. Antkowicz's death, Prevatte argues that there has been a "miscarriage of justice" because the judge, rather than the jury, made the "death results" finding. While we agree with Prevatte that § 2241 can be invoked to challenge an illegal sentence, *see, e.g., Brown v. Caraway*, 719 F.3d 583, 585 (7th Cir. 2013), we find that Prevatte's sentence is not illegal because the evidence established that the pipe bomb was the but-for cause of the victim's death. The judge's finding that the bomb was the but-for cause of death was fully supported by the evidence

and Prevatte has pointed to no evidence to undermine that finding.

Prevatte cites our ruling in *Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2011) to try to support his claim that his sentence is illegal and therefore a "miscarriage of justice," but *Narvaez* is distinguishable. In *Narvaez*, the defendant pled guilty to bank robbery. The sentencing court found the defendant to be a career offender under the Sentencing Guidelines, based on two prior escape convictions for failing to return to confinement, which were deemed to be "crimes of violence," and so the court increased his sentence by approximately five years. *Id.* at 623-624. Several years after the court imposed the enhanced sentence, the Supreme Court clarified what constituted a "violent felony" under the Armed Career Criminal Act ("ACCA") and the term "violent felony" under the ACCA had the same definition as "crime of violence" under the Sentencing Guidelines. *See Chambers v. United States*, 555 U.S. 122 (2009); *Begay v. United States*, 553 U.S. 137 (2008). Narvaez filed a motion under § 2255 to correct his sentence asserting that, under *Chambers* and *Begay*, his convictions for failing to return to confinement were not "crimes of violence" and therefore he should not have received an enhanced sentence as a career offender. We agreed and stated that erroneously classifying Narvaez as a career offender and wrongly enhancing his sentence "… clearly constitutes a miscarriage of justice." *Narvaez*, 674 F.3d at 629.

In contrast to the defendant in *Narvaez*, Prevatte is not undeserving of the enhanced sentence he received. Assuming, without deciding, that *Burrage*'s holding that but-for causation is required to impose an enhanced sentence

under the "death results" provision of 18 U.S.C. § 844(i),[2] the evidence presented at Prevatte's trial unequivocally established that the pipe bomb was the but-for cause of Ms. Antkowicz's death. Because Prevatte's enhanced sentence was not in any way a "miscarriage of justice," he cannot show that § 2255 was "inadequate or ineffective to test the legality of his detention" and accordingly, the district court correctly dismissed his petition.

One final issue raised by Respondent is whether the district court was correct in dismissing Prevatte's § 2241 petition without prejudice for lack of jurisdiction. We have previously held that "[s]ections 2241 and 2255 deal with remedies; neither one is a jurisdictional clause." *Harris v. Warden*, 425 F.3d 386, 388 (7th Cir. 2005); s*ee also Hicks v. Stancil*, 642 Fed. Appx. 620, 621 (7th Cir. 2016) ("… failure to satisfy § 2255(e) does not affect the subject-matter jurisdiction to consider a § 2241 petition") (unpublished); *Sperberg v. Marberry*, 381 Fed. Appx. 602 (7th Cir. 2010) ("[w]hether the proceeding is allowable under § 2255(e) is a question on the merits; it does not affect subject-matter jurisdiction")(unpublished); *Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007) ("[i]f … § 2255 offered him one full and fair opportunity to contest his conviction …, then the § 2241 action must be dismissed under § 2255[e]"); *Moore v. Olson*, 368 F.3d 757, 759 (7th Cir. 2004) ("[s]ubject-matter jurisdiction,

---

[2] *Burrage* interpreted the "death results" provision of the Controlled Substances Act that is similar, but not identical to the "death results" provision of § 844(i). Respondent does not affirmatively dispute the applicability of *Burrage*'s holding to § 844(i). Accordingly, we assume, without deciding, that *Burrage*'s requirement of but-for causation applies to the "death results" provision of § 844(i).

however, is supplied by 28 U.S.C. § 1331, as any claim under § 2241 entails a federal question"). *But see Williams v. Warden, Federal Bureau of Prisons*, 713 F.3d 1332, 1340 (11ᵗʰ Cir. 2013) (citing cases indicating that the savings clause of § 2255(e) is jurisdictional). Given our circuit precedent, we find that Prevatte's petition should be dismissed with prejudice under 28 U.S.C. § 2255(e).

### III. CONCLUSION

We AFFIRM the district court's dismissal of the petition but REMAND to the district court to modify the judgment to reflect that the dismissal is with prejudice pursuant to 28 U.S.C. § 2255(e).