# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3298

_____

Lorenzo Roundtree

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: December 15, 2017
Filed: March 22, 2018

_____

Before WOLLMAN, LOKEN, and MURPHY, Circuit Judges.

_____

LOKEN, Circuit Judge.

In 2007, a jury convicted Lorenzo Roundtree of distributing heroin, resulting in death, after a prior felony drug conviction. The district court[1] sentenced Roundtree to life imprisonment, the sentence mandated by 21 U.S.C. § 841(b)(1)(C) "if death or

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

serious bodily injury results from the use of such substance." The conviction and sentence were affirmed on direct appeal. Roundtree filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, asserting claims of ineffective assistance of counsel and insufficient evidence. The district court denied relief, Roundtree appealed, and we remanded for a hearing on his claim that trial counsel was ineffective for failing to advise that he faced a potential mandatory life sentence. Roundtree v. United States, 751 F.3d 923, 927 (8th Cir. 2014).

After our remand, the Supreme Court decided Burrage v. United States, 134 S. Ct. 881, 892 (2014), holding that, if "the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be held liable under the penalty enhancement . . . of . . . § 814(b)(1)(C) unless such use is a but-for cause of the death or injury." Roundtree moved to expand the § 2255 hearing to include consideration of a claim under Burrage that his sentence was enhanced based on an erroneous jury instruction. The district court denied the motion and then denied relief on the remanded issue. Roundtree appealed. We affirmed denial of relief on the remanded issue but granted a certificate of appealability on the Burrage claim. On remand, the district court concluded in a lengthy opinion that Roundtree was procedurally barred from asserting that claim, denied relief, and issued a certificate of appealability. Reviewing *de novo* whether Roundtree's § 2255 claim is procedurally barred, we affirm.

The evidence at trial established that Roundtree sold heroin to Nick Howe and Michelle Eash who then met Wes Gridley and picked up the victim, C.H., at a bar. Howe and Eash shared the heroin purchased from Roundtree with Gridley and the intoxicated C.H. Shortly after using the heroin, C.H. became unresponsive and died. The medical examiner, Dr. Julia Goodin, testified that C.H. died as a result of alcohol and drug intoxication. C.H.'s lungs were filled with fluid, a common result of opiate overdose, which deprives the body of oxygen.

The jury was instructed that, if it found Roundtree guilty of distributing heroin, it must decide whether the government proved beyond a reasonable doubt -

> that the heroin distributed by the defendant contributed to C.H.'s death. In other words . . . was a factor that resulted in the death of C.H. Although the heroin distributed by the defendant need not be the primary cause of C.H.'s death, it must at least have played a part in the death of C.H.[2]

The jury found beyond a reasonable doubt that Roundtree distributed heroin that resulted in the death of C.H. The parties agree that Burrage requires proof meeting a heightened standard of causation, rather than the "contributing factor" standard used to instruct the jury that convicted Roundtree. In this § 2255 motion, Roundtree argues that his life sentence should be vacated for resentencing because his sentence was enhanced on the basis of an erroneous jury instruction.

At trial, Roundtree did not object to the jury instruction at issue, nor did he raise this instruction issue on direct appeal. Thus, the issue was procedurally defaulted, which means that, to obtain collateral relief, Roundtree "must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). "[T]o obtain collateral relief based on trial errors to which no contemporaneous objection was made, [Roundtree] must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." Id. at 168. A claim of actual prejudice resulting from an instruction error requires a showing that "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." Id. at 169 (quotation omitted). This rigorous standard "requires that the degree of prejudice

---

[2]The instruction was consistent with then-controlling Eighth Circuit precedent. See United States v. Burrage, 687 F.3d 1015, 1021 (8th Cir. 2012), rev'd, 134 S. Ct. at 890-92.

resulting from instruction error be evaluated in the total context of the events at trial." Id. We need not determine whether Roundtree has shown cause if "he suffered no actual prejudice of a degree sufficient to justify collateral relief." Id. at 168.[3]

The government relied on Dr. Goodin's testimony to prove that C.H.'s death "result[ed] from the use of" heroin Roundtree distributed. On direct examination, Dr. Goodin testified that alcohol and morphine -- the metabolized form of heroin -- worked "synergistically" to depress C.H.'s respiratory system, causing her to list "both acute drug, meaning morphine, and ethanol intoxication as a cause of death." Dr. Goodin opined that the percent of alcohol found in C.H.'s bloodstream, 0.16%, was not enough to cause death "if that were the only thing that was in his blood." On cross-exam, Dr. Goodin opined that the alcohol and morphine "probably worked together," but "the morphine alone [could] have caused his death."

We agree with the district court that, based on Dr. Goodin's uncontradicted testimony, the incorrect jury instruction did not result in prejudice excusing Roundtree's procedural default under Burrage. In the first place, Dr. Goodin's opinion that "the morphine alone [could] have caused [C.H.'s] death" would permit a reasonable jury to find that Roundtree's offense warranted the § 841(b)(1)(C) sentencing enhancement because "the drug distributed by the defendant [was] an independently sufficient cause of the victim's death." Burrage, 134 S. Ct. at 892. Moreover, given Dr. Goodin's testimony that alcohol and metabolized heroin worked synergistically to cause C.H.'s death, but the level of alcohol in his bloodstream by itself was not enough to cause death, no reasonable jury would have found that the

---

[3]A procedurally defaulted claim may also be reviewed if the party seeking § 2255 relief can show that the alleged error "has probably resulted in the conviction of one who is actually innocent." Bousley v. United States, 523 U.S. 614, 623 (1998) (quotation omitted). However, this exception requires proof that he was factually innocent of the crime, not merely that there was error in imposing a sentence enhancement. See Schlup v. Delo, 513 U.S. 298, 324-26 (1995).

heroin provided by Roundtree was a contributing factor, but not a but-for cause, of C.H.'s death.  Accord United States v. Schneider, 665 F. App'x 668, 673-74 (10th Cir. 2016) (harmless error review).  As the Supreme Court explained in Burrage:

> where A shoots B, who is hit and dies, we can say that A [actually] caused B's death, since but for A's conduct B would not have died.  The same conclusion follows if the predicate act combines with other factors to produce the result, so long as the other factors alone would not have done so -- if, so to speak, it was the straw that broke the camel's back.  Thus, if poison is administered to a man debilitated by multiple diseases, it is a but-for cause of his death even if those diseases played a part in his demise, so long as, without the incremental effect of the poison, he would have lived.

Id. at 888 (quotation omitted).  Dr. Goodin established at a minimum that, without the incremental effect of heroin distributed by Roundtree, C.H. would have lived.

We conclude that no prejudice excusing procedural default resulted from the district court giving a jury instruction that failed to anticipate the Supreme Court's later decision in Burrage.  Thus, Roundtree's claim is procedurally barred.  The judgment of the district court denying his motion for § 2255 relief is affirmed.

———————————————————