In the

# United States Court of Appeals

## For the Seventh Circuit

No. 14-3696

LORENZO D. ROUNDTREE,

*Petitioner-Appellant,*

*v.*

JEFFREY E. KRUEGER, Warden, United States Penitentiary, Terre Haute,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Southern District of Indiana, Terre Haute Division.
No. 2:14-cv-00284-JMS-DKL — **Jane E. Magnus-Stinson**, *Chief Judge.*

ARGUED NOVEMBER 14, 2018 — DECIDED DECEMBER 6, 2018

Before EASTERBROOK, SYKES, and SCUDDER, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Lorenzo Roundtree was sentenced to life in prison for selling heroin that led to a user's death. 21 U.S.C. §841(b)(1)(C). Seven years later the Supreme Court held that a judge must tell a jury that the death-resulting condition is satisfied only if the drug was a but-for cause of the fatality; a contributing cause is not enough. *Burrage v. United States*, 571 U.S. 204 (2014). The charge to the

jury at Roundtree's trial did not satisfy *Burrage*, and he filed collateral attacks on his sentence in both the Northern District of Iowa (where his trial occurred) and the Southern District of Indiana (where he is confined). The collateral attack in Iowa rests on 28 U.S.C. §2255 and the one in Indiana on 28 U.S.C. §2241. Both district judges rejected his contentions. We put this appeal on hold while the Eighth Circuit considered Roundtree's appeal in the §2255 proceeding.

After some intermediate steps that we need not recount, the Eighth Circuit held that, because *Burrage* is retroactive, Roundtree is entitled to use §2255 to contest his conviction despite the lapse of time, but that his failure to dispute the jury instruction at trial forfeited any benefit from a later decision by the Supreme Court. *Roundtree v. United States*, 885 F.3d 1095 (8th Cir. 2018). The Eighth Circuit recognized that a procedural default may be excused if the accused is innocent, see *Bousley v. United States*, 523 U.S. 614, 623–24 (1998), but found that Roundtree had not met that requirement: he complains about a deficient instruction rather than a conviction on insufficient evidence. He has not argued in the Eighth Circuit (or here) that a properly instructed jury would have been compelled to acquit him of either selling heroin or the death-results enhancement. The Eighth Circuit also concluded that Roundtree was not prejudiced by the error, because he was sure to have been convicted even under the instruction required by *Burrage*.

We then reactivated the appeal in this circuit, and the parties filed briefs addressing the significance of the Eighth Circuit's decision. Roundtree asks us to ignore it and make an independent decision; the Warden contends that the Eighth Circuit's decision is conclusive.

Section 2241 authorizes federal courts to issue writs of habeas corpus, but §2255(e) makes §2241 unavailable to a federal prisoner unless it "appears that the remedy by motion [under §2255] is inadequate or ineffective to test the legality of [the] detention." This court has held that §2255 is "inadequate or ineffective" when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence. See, e.g., *In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013); *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015) (en banc). Some circuits have agreed with us, while others have not. See, e.g., *McCarthan v. Director*, 851 F.3d 1076 (11th Cir. 2017) (en banc); *Prost v. Anderson*, 636 F.3d 578 (10th Cir. 2011) (Gorsuch, J.). The Solicitor General has asked the Supreme Court to resolve the conflict. See *United States v. Wheeler*, No. 18–420 (petition filed Oct. 3, 2018). But *this* appeal does not depend on the outcome of *Wheeler*, because none of this circuit's decisions—and none in the circuits that agree with *Davenport*, *Brown*, and *Webster*—permits relitigation under §2241 of a contention that was actually resolved in a proceeding under §2255, unless the law changed after the initial collateral review.

Roundtree does not contend that the law has changed in the slightest after the Eighth Circuit rejected his contentions. He seeks relief under a decision the Supreme Court made in 2014, not under any development postdating the Eighth Circuit's decision. Roundtree recognizes that this circuit already has stated that *Burrage* cannot be used to litigate under §2241 if §2255 could have been (or was) used to raise the issue. See *Prevatte v. Merlak*, 865 F.3d 894, 897 (7th Cir. 2017). Roundtree asks us to reconsider, contending that life in prison is

such a harsh punishment that procedural bars should be swept away. Yet we lack authority to create exceptions to statutes. Section 2255(e) prevents resort to §2241 unless §2255 is "inadequate or ineffective" to test the validity of a conviction or sentence. The Eighth Circuit's decision shows that §2255 afforded a means to address Roundtree's arguments. His problem lies not in §2255 but in his own failure to object at trial, plus the Eighth Circuit's conclusion that an instruction comporting with *Burrage* would not have affected the outcome.

Until 1996, when the Antiterrorism and Effective Death Penalty Act (AEDPA) amended §2255, a petition could be filed in the sentencing court at any time—and multiple petitions could be filed, provided they did not abuse the writ. The 1996 Act added §2255(f), which set a one-year time limit on petitions but also restarts the time if the Supreme Court changes the law with retroactive effect (§2255(f)(3)). The 1996 Act also added §2255(h), which limits second or subsequent petitions. Neither of these changes affected Roundtree, who was able to use extra time under §2255(f)(3) to file his initial §2255 motion in Iowa. What he now wants is to use §2241 in circumstances that would have been called an abuse of the writ before the 1996 Act replaced that common-law doctrine with §2255(f) and (h). An attempt to relitigate a theory, in the absence of an intervening change of law, was taken as a paradigm abuse of the writ. See, e.g., *Salinger v. Loisel*, 265 U.S. 224 (1924); *Wong Doo v. United States*, 265 U.S. 239 (1924); *Sanders v. United States*, 373 U.S. 1, 17–18 (1963). The 1996 changes were designed to curtail relitigation of collateral attacks, yet Roundtree wants something that would have been unavailable even before 1996. That's not permissible. See *In re Page*, 179 F.3d 1024 (7th Cir. 1999), which says

that arguments that would have abused the writ before 1996 also cannot be raised after the amendments.

Roundtree litigated and lost in the Eighth Circuit. The Supreme Court of the United States, not another court of appeals, is the right forum for his argument that the Eighth Circuit erred. Cf. *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800 (1988).

AFFIRMED