**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 13, 2020[*]
Decided March 17, 2020

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 19-2651

| | |
|---|---|
| ROGER C. DAY, JR.,<br>    *Petitioner-Appellant*,<br><br>*v.*<br><br>T.J. WATSON,<br>    *Respondent-Appellee*. | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division.<br><br>No. 2:19-cv-00200-JMS-DLP<br><br>Jane Magnus-Stinson,<br>*Chief Judge*. |

**O R D E R**

This is the latest in a long sequence of cases filed by Roger C. Day, Jr., now a federal prisoner in Indiana, challenging the validity of his criminal convictions related to his multimillion-dollar scheme to defraud the United States Department of Defense. In this suit, Day invokes 18 U.S.C. § 3192, codifying the Rule of Specialty, a principle of

---

[*] We have agreed to decide this appeal without oral argument because the briefs and the record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

treaty law providing that an extradited defendant may be prosecuted "only to the extent expressly authorized by the surrendering nation in the grant of extradition." *United States v. Stokes*, 726 F.3d 880, 887–89 (7th Cir. 2013); *see Fiocconi v. Attorney Gen. of the U.S.*, 462 F.2d 475, 482 (2d Cir. 1972). Recognizing that Day was a federal prisoner challenging the fact or duration of his custody, the district court told Day he would have to proceed under 28 U.S.C. § 2241. When Day refused, the court dismissed his suit for failure to prosecute and failure to follow the court's orders. Because Day's exclusive remedy is a collateral attack under § 2241 or 28 U.S.C. § 2255, there was no abuse of discretion in the district court's dismissal of his action, and we therefore affirm.

Day schemed to defraud the Department of Defense by supplying it with defective parts for military aircraft, vehicles, and weapons systems. *United States v. Day*, 700 F.3d 713, 716–17 (4th Cir. 2012). He directed much of the conspiracy from Mexico, where he was arrested after the conspiracy unraveled. *Id.* at 718. He was later indicted on charges of wire fraud and conspiracy to commit money laundering, among other crimes. *Id.* Two years later, the Mexican government extradited him to the United States on all the charges in the indictment except identity theft and obstruction of justice. *Id.* After a jury in the Eastern District of Virginia found him guilty on all counts, he was sentenced to 1,260 months in prison plus a $3 million fine, restitution exceeding $6 million, and the forfeiture of property valued at more than $2 million. *Id.* at 719.

Day proceeded to file numerous unsuccessful actions challenging his convictions and sentence, including: a direct appeal to the Fourth Circuit, *see Day*, 700 F.3d at 716–17; a § 2255 motion in the Eastern District of Virginia, *see United States v. Day*, No. 3:07cr154-JAG-3, 2016 WL 96161, at *1 (E.D. Va. Jan. 8, 2016); a petition under § 2241 in the District of Columbia, *see Day v. Trump*, 860 F.3d 686, 688 (D.C. Cir. 2017); another § 2241 petition in the Southern District of Indiana, *see Day v. Daniels*, 673 F. App'x 582, 583 (7th Cir. 2017); a suit against the Executive Office of the President, *see Day v. Exec. Office of the President*, 697 F. App'x 17 (7th Cir. 2017); a complaint under 18 U.S.C. § 3192 in the District of Columbia, *see Day v. Trump*, 744 F. App'x 1 (D.C. Cir. 2018); and a second § 2255 motion in the Eastern District of Virginia, *see United States v. Day*, 746 F. App'x 212, 213 (4th Cir. 2018).

In April 2019, Day brought this action against the warden of the United States Penitentiary in Terra Haute, alleging that he had been "tried and punished for offenses NOT specified in the warrant of extradition," in violation of § 3192. He sought a jury trial and "full relief," including release from detention.

Day also applied to proceed in forma pauperis, a request that the district court granted. In that order, the district court noted that, although Day had labeled his lawsuit a "Complaint" under § 3192, the clerk's office had categorized it as a petition for a writ of habeas corpus under § 2241. The court agreed that "Day appears to assert that he is being improperly held." But Day's "complaint" did not comply with the required format for habeas petitions, *see* Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254, Rule 2(d) (2019) (applied to § 2241 cases through Rule 1(b)), so the court provided Day with the proper form and ordered him to file an amended petition using it. Instead, Day filed a motion to reconsider, insisting that his complaint was not a habeas petition or a suit under 42 U.S.C. § 1983 (more precisely, under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)); rather, it fell exclusively under 18 U.S.C. § 3192. The court denied this motion and repeated that Day needed to file a habeas petition because he challenged the validity of his confinement. Day ignored this order. He filed a notice of appeal, which this court promptly dismissed for lack of jurisdiction (because Day had not appealed from a final judgment, *see* 28 U.S.C. § 1291). Shortly afterward, the district court entered an order stating that Day had "demonstrated that he does not wish to pursue this habeas action" and dismissed the action for failure to prosecute and failure to follow court orders. Day appeals, and we review the decision for an abuse of discretion. *See Salata v. Weyerhaeuser*, 757 F.3d 695, 699–700 (7th Cir. 2014).

Day reiterates that the district court erroneously treated his complaint as a habeas petition when his suit is properly conceived as an action for relief under 18 U.S.C. § 3192 for a violation of the Rule of Specialty. He contends that § 3192 creates a private right of action enabling him to pursue a civil case for relief. (Why he should sue his warden, who had nothing to do with his extradition or prosecution, remains a mystery.) Although we have not yet answered this question, we have previously determined that, because "treaties create rules for relations between nations," defendants cannot raise Rule of Specialty arguments in their criminal cases. *See United States v. Burke*, 425 F.3d 400, 408 (7th Cir. 2005); *but see Stokes*, 726 F.3d at 889 (reexamining *Burke* and considering whether, as other circuits have held, criminal defendants have standing to raise Rule of Specialty violations).

But we need not decide whether § 3192 creates a private right of action, because, as the district court recognized, Day challenges his conviction and seeks release, and a collateral attack is the exclusive means of contesting ongoing custody pursuant to a conviction that has not been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 484–87 (1994); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (extending *Heck* to *Bivens*

actions). Day insists otherwise, arguing that he has no remedy through habeas corpus or § 2255 because those actions are subject to a one-year limitations period not found in § 3192. *See* 28 U.S.C. §§ 2244(d)(1), 2255(f). He continues that § 2241 relief is unavailable to him because it is designed for federal prisoners who challenge their "conditions of confinement." He is wrong—§ 2241 covers challenges to the validity of one's conviction and sentence. *Id.* § 2241(c)(3); *Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007); *see also Glaus v. Anderson*, 408 F.3d 382, 386–88 (7th Cir. 2005) (petitioner could not use § 2241 petition to challenge inadequate medical care). Further, the one-year limitations period of 28 U.S.C. § 2244(d)(1) does not apply to habeas petitions brought by federal prisoners under § 2241. *Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007). We do note, however, that if Day chooses to seek § 2241 relief in the future, he would need to show that a remedy under § 2255 would be "inadequate or ineffective to test the legality of his conviction." § 2255(e); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

By arguing that his conviction and resulting punishment are invalid because he was tried for offenses outside the grant of extradition, Day collaterally attacks his conviction. *See Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003). But "*Heck* holds that he may not do that in a civil suit, other than a suit under the habeas corpus statute or its federal-defendant equivalent, 28 U.S.C. § 2255." *Id.*; *see also Tolliver v. City of Chicago*, 820 F.3d 237, 243–44 (7th Cir. 2016). The district court's dismissal of this case was premised on largely the same reasoning, and so it did not abuse its discretion by dismissing the case when Day refused to amend his pleading.

A final note. Given Day's litigiousness, a warning of sanctions is now appropriate. If Day pursues his efforts to undo his conviction through frivolous actions, he may face sanctions in the district court, FED. R. CIV. P. 11(b)(2), (c)(3); *Bell v. Vacuforce, LLC*, 908 F.3d 1075, 1079–81 (7th Cir. 2018), or on appeal, FED. R. APP. P. 38; *Harris N.A. v. Hershey*, 711 F.3d 794, 801–03 (7th Cir. 2013).

AFFIRMED